ESTATE OF DAVID GOODALE, DECEASED.

[No. 1,029; decided April 6, 1891.]

Homestead.—It is Because of Her Status that a Widow becomes the object of the law's beneficence.

Homestead.—A Widow Failing to Apply for a Probate Homestead Before Remarrying loses her right to a homestead out of her first husband's estate upon marrying a second time.

Application by Ellen E. Stouder, formerly widow of David Goodale, and subsequently married to John Stouder, also deceased, for a homestead. Opposed by children of Goodale.

J. H. Gove, for the petitioner.

Wm. A. Plunkett and E. H. Wakeman, for Goodale children.

COFFEY, J. Mrs. Ellen E. Stouder, the widow of John Stouder, petitions for a homestead in the estate of David Goodale. Mrs. Stouder was the widow of David Goodale before her marriage to Stouder.

Petitioner claims that statutes, such as that under which a probate homestead is given, should receive a broad and liberal construction. This is admitted; but the construction for which petitioner contends would be a perversion. We must construe the statute as it stands; not substitute a statute by a strained and false construction. To pursue the latter course would be to perpetrate a dangerous and vicious piece of judicial legislation.

To show the liberality with which our supreme court have interpreted the homestead law, petitioner quotes a passage from Smyth on Homesteads, in which a case (probably Clements v. Stanton, 47 Cal. 60) is alluded to, where it was decided that a declaration of homestead by a married woman was properly acknowledged, although not acknowledged as a conveyance of her separate real property by a married woman was required to be acknowledged. But the homestead law did not require a *declaration* to be acknowledged by a married woman, as she was required to acknowledge a conveyance of her separate real property. The same law, however, did require the abandonment of homestead to be so acknowledged. The court's construction of the law seems to be the only reasonable construction.

Petitioner's second point is a contention that any construction of the statute which bases the widow's right to a (probate) homestead upon her status as widow is too narrow. But it is because of her status that she becomes the object of the law's beneficence. It must be remembered that we are now considering a widow's right to a probate homestead. Unless the status of widow is established, the court is powerless.

As the court is compelled to set apart a homestead to the widow when her status is proved, so the court is compelled or constrained to refuse a homestead when that status cannot be shown to exist.

While the petitioner was the widow of David Goodale she had an unquestionable right to apply for a homestead. It

is not the fault of the law or of the court that she neglected to exercise that right.

Petitioner now, as the widow of John Stouder, has an indisputable right to apply for a homestead from the estate of Mr. Stouder.

Whether Stouder has left a large estate, a small estate, or any estate at all, cannot affect the decision of the legal question involved in petitioner's application.

In petitioner's brief it is claimed by counsel that the principle enunciated by this court in the Estate of Pickett, and which principle was followed in two decisions by our supreme court, has no application to the case at bar.

But this court decided in the Estate of Pickett (1) that "widow" and "surviving wife" are synonymous terms; and (2) that when a widow marries a second time she ceases to be the widow of her first husband. The decision in the Estate of Pickett on these two points is directly applicable to the case at bar.

Petitioner's brief claims that there is nothing in section 1465, Code of Civil Procedure, or in any other section of the code, basing the right to a homestead on the status of widow.

But our supreme court has decided that a woman's right to apply for a probate homestead depends upon her status of widow: Estate of Boland, 43 Cal. 642; Estate of Moore, 57 Cal. 442-444.

Petitioner's point that the same condition of things exists now which existed at the death of David Goodale, and that "petitioner is clearly entitled to her homestead," is answered by the suggestions already made and the authorities already cited.

Petitioner assumes that a widow's right to hold more than one homestead is questioned in this proceeding. It is not asserted here that the same woman cannot receive more than one homestead. The law gives her the right to apply for a homestead whenever she is a widow. But the application must be made each time in the estate of the last husband.

Petitioner's counsel cites Miles v. Miles, 46 N. H. 261, 88 Am. Dec. 208, to show that "surviving wife" and "widow" are terms of description only, not terms of limitation. Miles

v. Miles is not in point. It is a decision construing a statute very unlike ours. But if it were in point it would be overcome by the decisions in the Estate of Pickett, in the Estate of Moore and in the Estate of Boland, already cited.

---

A Widow Who Remarries thereby loses her right to have a homestead carved out of the property of her deceased husband, as well as her right to any further allowance: Estate of Still, 117 Cal. 509, 49 Pac. 463; Estate of Boland, 43 Cal. 640. If a wife whose husband has been absent and not known to be living for more than five years, and whom she believes to be dead, contracts a second marriage, it, until annulled, is valid and prevents her from having a homestead set aside to her out of the estate of the first husband after his decease, although, upon hearing that he was not dead, she ceased cohabiting with her second husband: Estate of Harrington, 140 Cal. 244, 98 Am. St. Rep. 51, 73 Pac. 1000, 74 Pac. 136.