[Civ. No. 232.   Third Appellate District.—December 17, 1906.]

## SARAH ANN McCLELLAN, JAMES H. B. McCLELLAN, IDA ANDREWS, and ELLA FORKNER, Respondents, v. AGNES WEAVER et al., Appellants.

WILLS—RULES OF CONSTRUCTION.—A will is to be construed according to the intention of the testator; and where his intention cannot have effect to its full extent, it must have effect as far as possible. The intention is to be ascertained from the words of the will, taking into view the facts and circumstances under which it was made, if shown; otherwise, the will must be its own interpreter. The will must have a liberal construction, and a construction thereof favorable to testacy will always obtain when the language used reasonably admits of such construction.

ID.—INVALID TRUST—TITLE NOT PASSING TO HEIRS—DEVISE OF RESIDUE—WILL EFFECTIVE AS FAR AS POSSIBLE.—A will devising all of the residue of the testator's estate, real and personal, to a woman named, "in trust during her life for herself, her son," and two "daughters" named, and providing that upon her death "all of said rest, residue and remainder to go to" the son and daughters, "to be divided amongst them equally, share and share alike," creates an imperfect trust, which is invalid for want of certainty; yet the title does not pass to the heirs of the testator, since it appears from the terms of the will that the woman was to have a beneficial estate "during her life," and she will take the whole residue during her life, discharged from all burdens, save such interest in remainder as passed to her children, thus giving to the testator's intention "effect as far as possible."

APPEAL from a judgment of the Superior Court of Lassen County.   F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

4 Cal. App.—38

N. J. Barry, H. D. Burroughs, and R. R. Syer, for Appellants.

The trust is invalid. (*Carpenter* v. *Cook,* 132 Cal. 621, 84 Am. St. Rep. 118, 64 Pac. 997; *Wittfield* v. *Forster,* 124 Cal. 418, 57 Pac. 219.) The trust being invalid, the prescription named in the trust must fail, and the property falls to the heirs. (*Estate of Fair,* 132 Cal. 523, 84 Am. St. Rep. 70, 60 Pac. 442, 64 Pac. 1000.)

J. E. Pardee, and Garroute & Goodwin, for Respondents.

The intention of the testator must control and have effect as far as possible. (Civ. Code, secs. 1317, 1318; *In re Heywood's Estate,* 149 Cal. 129, 82 Pac. 754; *Bank of Ukiah* v. *Rice,* 143 Cal. 265-272, 101 Am. St. Rep. 118, 76 Pac. 1020; *Simpson* v. *Simpson,* 80 Cal. 237, 22 Pac. 167; Perry on Trusts, sec. 159; Pomeroy's Equity Jurisprudence, sec. 1009; 15 Am. & Eng. Ency. of Law, 2d ed., 1135; 18 Am. & Eng. Ency. of Law, 2d ed., 723; Civ. Code, sec. 864.)

CHIPMAN, P. J.—This action was commenced under the provisions of section 1664 of the Code of Civil Procedure, plaintiffs' purpose being to have the court ascertain and declare the rights of all persons in and to the estate of one J. D. Byers, deceased, who died testate, and to obtain from the court a judgment that plaintiffs are entitled to have distributed to them all the residue of said estate after the payment of the debts thereof, the expenses of administration and the specific legacies mentioned in the will of the said Byers.

The defendants are nephews and nieces, the next of kin of deceased. They deny testacy and allege that the provisions of said will, under which plaintiffs claim, are illegal and void, and that defendants, as heirs at law and next of kin of deceased, are entitled to distribution.

Deceased died March 23, 1902, at Lassen county, where said estate is situated. J. A. Forkner was duly appointed executor of the will in question. No final account has been filed and no portion of the estate has been distributed. There were several specific bequests to some of the defendants and others which the decree recognizes, and as to which no question arises. The controversy springs from the follow-

ing paragraph of the will: "Twelfth: I give and devise all the rest, residue and remainder of my estate, both real and personal and wheresoever situated, to Sarah Ann McClellan in trust during her life for herself, her son James H. B. McClellan and her daughters Ella Forkner and Ida Andrews, and upon the death of said Sarah Ann McClellan all of said rest, residue and remainder to go to said James H. B. McClellan, Ella Forkner and Ida Andrews, to be divided amongst them equally share and share alike."

The will gave the executor power to carry on the business of deceased pending administration the same as it was conducted and carried on during his lifetime, and requested the probate court to give the "executor such time as was reasonably necessary" to pay the specific legacies out of the personal estate and the profits of the said business. It was also provided by the thirteenth paragraph as follows: "And it is my will that pending the administration of my estate my said executor pay to said Sarah Ann McClellan such sum monthly as in the judgment of said executor is necessary for her support and the conditions of my estate will permit."

The fourteenth paragraph is as follows: "Any legatee herein named contesting this will shall forfeit all rights hereunder and the bequest made to him or her shall pass to my residuary legatees."

After making disposition of the specific bequests in accordance with the will, the court found: "Seventh. That Sarah Ann McClellan is entitled to all the rest, residue and remainder of said estate, both real and personal, and wheresoever situate, to have, hold and enjoy the same during the term of her natural life, and upon her death all of said rest, residue and remainder of said estate to go to said James H. B. McClellan, Ella Forkner and Ida Andrews, to be divided amongst them equally share and share alike; and that the said Sarah Ann McClellan is entitled to have all the rest, residue and remainder of said estate distributed to her upon final distribution, to have, hold and enjoy the same during the term of her natural life; and the said James H. B. McClellan, Ella Forkner, and Ida Andrews have the right to have all of said rest, residue and remainder distributed to them subject to the life estate in the same, distributed to said Sarah Ann McClellan." Judgment was entered accordingly. Defendants appeal from that portion of the judgment

disposing of the residue of said estate, on the judgment-roll alone.

Defendants contend that the trust attempted to be created by the will is void for uncertainty, and that it is not for any one of the purposes allowed by section 857 of the Civil Code, and that defendants are therefore entitled to distribution of the residue of said estate as heirs at law of deceased.

The Civil Code prescribes certain rules for the construction of wills. The will is to be construed according to the intention of the testator, and where his intention cannot have effect to its full extent, it must have effect as far as possible. (Sec. 1317.) "The testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declaration." (Civ. Code, sec. 1318.) Respondents state in their brief some facts and circumstances in aid of the construction of the will as claimed by them. But the record is silent as to these alleged facts and circumstances. We do not even know from the record what relation by consanguinity or otherwise the residuary legatees bore to the testator or to any of the other legatees. The will must, therefore, be its own interpreter unaided by any extraneous circumstances.

It is a cardinal rule that a liberal construction should be given to testamentary dispositions of property (*In re Heywood's Estate*, 149 Cal. 129, [82 Pac. 754]); and it is a fundamental principle that a construction of a will favorable to testacy will always obtain when the language used reasonably admits of such construction. (*Estate of Dunphy*, 147 Cal. 95, [81 Pac. 315].)

It does not concern defendants whether the trial court correctly determined the relative rights of plaintiffs to the residue if they are entitled thereto. It is immaterial, so far as concerns defendants, whether or not a valid trust was created, if, notwithstanding its invalidity, there was such disposition of the property made to plaintiffs as should be upheld under settled principles of testamentary construction. It may be conceded that, while the testator had in mind making Mrs. McClellan a trustee of the residue of the estate for some purposes, he failed to define the objects or purposes of the trust with certainty and definiteness and so

failed to create a valid trust. But notwithstanding his fail-
ure in this respect he did not fail to make perfectly clear
his intention that the residue should go to Mrs. McClellan
and her children. ''Where his intention cannot have effect
to its full extent, it must have effect as far as possible.''
(Civ. Code, sec. 1317.)

Mr. Perry states the rule as follows: ''If the declaration
of trust is too imperfect to establish that purpose, and yet
plainly shows that the intention was that the donee should
not take beneficially, and that the sole purpose of the gift
or grant was to carry out the purpose of the trust, which
failed, the donee will take in trust for the donor or his heirs;
but if it appear, from the whole instrument, that some bene-
ficial interest was intended for the donee, or that he was
intended to take as beneficiary in case the particular purpose
fails, no trust will result, but he will take the estate dis-
charged of burdens.'' (Perry on Trusts, sec. 159. See, also,
the principle stated to same effect, 15 Am. & Eng. Ency. of
Law, p. 1131.) It seems to us entirely clear that the testa-
tor devised the residue of his property to Mrs. McClellan
with the intention that she should enjoy it, at least to some
extent, during her life and that at her death the said residue
should go to her children in equal shares. Whether these
children could claim a portion of the incomes during the
life of their mother is a question not involved and is not de-
cided. As already said, this question does not concern de-
fendants and these children are not appealing.

The main intention of the testator obviously was the cre-
ation of a beneficial interest in the residue of his estate in
Mrs. McClellan during her life with the remainder over to
her children. We can but conjecture his entire purpose in
seeking to make the devise in trust. His principal object in
that regard may have been to forbid the disposition of the
corpus of the property by Mrs. McClellan. But whatever
this purpose, he clearly devised to her a beneficial interest
''during her life'' and the trust failing, that interest passed
to her, as Mr. Perry expresses it, ''discharged of all bur-
dens,'' save such interest as passed also to her children as
remaindermen.

This seems to us so clearly shown by an examination of
all the provisions of the will that we see no necessity for

further citation of authorities or for going into any extended analysis of the will.

The judgment is affirmed.

McLaughlin, J., and Buckles, J., concurred.