[No. 2,474.]

# IN THE MATTER OF THE ESTATE OF JOHN BOLAND, DECEASED.

HOMESTEAD UNDER PROBATE ACT.—If there has been no homestead created during the existence of the community, by a compliance with the Homestead Act, the widow can acquire no homestead interest in the property, under sections one hundred and twenty-one, one hundred and twenty-four, and one hundred and twenty-five of the Probate Act, until an order of the Probate Court, or Judge, has been made setting it apart to her.

IDEM.—If a widow, who is entitled to a homestead, under sections one hundred and twenty-one, one hundred and twenty-four, and one hundred and twenty-five of the Probate Act, again marries before an order of the Probate Court is made setting apart such homestead, she loses, by her marriage, the right to such homestead.

APPEAL from the Probate Court of the City and County of San Francisco.

On the 24th day of October, 1860, John Boland purchased a lot in San Francisco, with money, his separate property. He resided on the same with his wife and daughter, Margaret Boland, and died on the 3d day of February, 1861. No homestead was claimed under the provisions of the Homestead Act. Boland left a will, which was probated, by which he devised all his property to his

daughter, and nominated John McNamara the executor of his estate. The daughter was born in 1851. After Boland's death the widow and daughter continued to reside on the lot until November, 1868, when the daughter married one Brackett, and left to reside elsewhere with her husband. In 1862 the widow married Charles W. Lane, and she and said Lane have continued to reside on the premises.

In 1869 Boland's former wife, Mrs. Lane, applied to the Probate Court for an order setting apart the premises as a homestead, under the one hundred and twenty-first, one hundred and twenty-fourth, and one hundred and twenty-fifth sections of the Probate Act. The executor and the daughter opposed the application, and asked that the property be distributed to the daughter under the will. The Court granted the application, and the executor appealed.

*Frank F. Taylor*, for Appellant.

Unless a person is the head of a family the right of homestead cannot exist. As the primary object of the law was the protection of the family, when the family ceases to exist, the reason for the privilege is gone. (*McQuade* v. *Whaley*, 31 Cal. 534.)

The theory of the respondent is that an order of the Court should be made now for a state of affairs—widowhood—which existed nine years ago.

*W. C. Burnett*, for Respondent.

The one hundred and twenty-fourth section of the Probate Act says that the homestead shall be set apart to " the widow or child." It is a right *personal* to the widow. The law does not say that a marriage shall deprive her of any homestead right.

By the Court, Niles, J.:

Conceding, for the purpose of this case, that the property in question could be set apart to the widow, under the provisions of the Probate Act, notwithstanding the will of John Boland, it is evident that the widow could acquire no homestead interest in the property until an order of the Probate Court, or Judge, was made, setting it apart to her. It differs from the case of a homestead created during the existence of the community, by a compliance with the provisions of the Homestead Act, the title to which vests in the wife upon the death of the husband, by right of survivorship. In the latter case the property becomes the property of the widow by operation of law. In the case presented it could only become hers by the decree of the Court or Judge. If there could be any doubt at what time the right of the widow attaches to the land, and withdraws it from administration, it is settled by the provisions of section one hundred and twenty-five of the Probate Act: "When property shall have been set apart for the use of the family, in accordance with the provisions of this chapter, if the deceased shall have left a widow and no minor child, such·property shall be the property of the widow. If he shall have also a minor child or children, the one half of such property shall belong to the widow, and the remainder to the child," etc.

The right of Margaret Lane to have a homestead set apart to her from the estate of her former husband, John Boland, must, therefore, be determined from the facts as they existed on the 3d of January, 1870, when the order of the Probate Court was made. This was nearly nine years after the death of John Boland. Margaret, his former widow, had been for over seven years married to her present husband, Lane. The only child of John and Margaret Boland had married, and was no longer under her mother's charge or control.

Sections one hundred and twenty-one, one hundred and

twenty-four, and one hundred and twenty-five of the Probate Act, under which the order was made, make provision for but two classes—the *widow* and the *family* of the deceased.

Margaret Lane occupied neither of these positions. Her widowhood terminated by her marriage with Charles Lane, and she then became a member of his family. Whatever right she may have once had to have the property set apart for her use, she lost when she lost the *status* upon which the right depended.

Order and judgment reversed, and cause remanded.