[No. 6,459.—Department Two, and in Bank.]

# IN THE MATTER OF THE ESTATE OF W. H. MOORE, Deceased.

| | |
|---|---|
| 57 | 437 |
| 99 | 141 |
| ɪ 57 | 437 |
| 100 | 164 |
| 100 | 326 |
| 100 | 428 |
| 57 | 437 |
| 117 | 515 |
| 57 | 437 |
| 128 | 387 |
| 57 | 437 |
| e149 | 131 |

ESTATES OF DECEASED PERSONS — HOMESTEAD — QUITCLAIM DEED. — A quit-claim deed made by a widow after the death of her husband furnishes no ground for the refusal of the Probate Court to set apart to her as a home-stead, from the separate property of the deceased, a portion of the same land conveyed by said deed.

ID.—ID.—ID.—If an heir convey his interest in the estate of his ancestor, he conveys such interest only as will remain to him after satisfying the objects of administration, unless the deed should in express terms cover more.

ID.—ID.—The right to a probate homestead is not the subject of sale, and is not an estate either at law or in equity.

ID.—ID.—ID.—CONSTRUCTION OF STATUTE.—Section 1485 of the Code of Civil Procedure has no application to probate homesteads.

APPEAL from an order in the Probate Court of Santa Cruz County. CRAIG, J.

*Charles B. Younger*, and *F. J. McCann*, for Appellant.

At the time appellant executed the deed to Fred W. and Charles Moore, her husband had just died, and no administra-tion of his estate had commenced, and she had no homestead in the premises. No homestead could even have been applied for until the inventory of the estate of the deceased had been returned to the Court. (Code Civ. Proc. § 1465.) Her deed was a quitclaim, and did not estop her from subsequently asserting a claim to the premises. (*Morrison* v. *Wilson*, 30 Cal. 344; *McDonald* v. *Edmonds*, 44 id. 328; *Jackson* v. *Wright*, 14 Johns. 193.) If the appellant had expressly released the homestead right, she would not have been estopped from subsequently demanding that a homestead be set apart under the statute. (Thompson's Homesteads and Exemptions, § 569, citing *Miller* v. *Marckle*, 27 Ill. 405.)

Estoppel can have no application here, because the homestead must be set apart by the Court for the use of the family of the deceased, including the wife and children. (Code Civ. Proc. § 1465.) And if the appellant can be estopped by her deed of her interest in the land from obtaining a homestead, the children in her custody are, without any agency on their part, practically deprived of their statutory right, for they must follow the

mother. This would be giving the homestead sections of the Code a very narrow construction.

The petitioner had not at the time of the execution of this deed applied to the Court to set apart a homestead. The Court could not acquire jurisdiction to set apart a homestead, unless a petition should be filed therefor. (*Cumeto* v. *Dupuy*, 47 Cal. 79.) After the filing of the petition for a homestead, the petitioner could acquire no homestead interest in the property until the Court had made an order setting apart the homestead. (*Boland Estate*, 43 Cal. 640.) And yet, by a deed of petitioner not mentioning the homestead, and in advance of any steps in the direction of a homestead, it is claimed that the family has lost the homestead right. That right was incapable of sale and transfer. (*Bowman* v. *Norton*, 16 Cal. 213 ; Thompson's Homesteads and Exemptions, § 452.) At any rate, the petitioner could not by her act alone destroy the homestead right. (*Lies* v. *De Diablar*, 12 Cal. 327.) To have destroyed the homestead right would have required the joint action of all the members of the family. (*Poole* v. *Garrand*, 6 Cal. 71.)

If the homestead had been set apart to the family, the petitioner could not, on grounds of public policy, have sold the homestead premises. (Thompson's Homesteads and Exemptions, § 551.) Much less, then, could appellant have done so in advance.

*John C. Hall*, for Respondents.

Upon the death of her husband, the petitioner had a right to one-third of his estate as his heir at law, and also the right to a homestead therefrom. These rights she possessed by virtue of her being the widow of the decedent. That was the essential fact upon which those rights rested. They were consummate immediately her husband died. (*Doane* v. *Doane*, 33 Vt. 649.) The machinery of the Courts is merely the process by which those rights are enforcible.

By her deed she conveyed those rights and all their concomitants to her grantees. If the language of the deed was obscure, ambiguous, or uncertain, it would be construed most strongly against the grantor. (*Sullivan* v. *Davis et al.* 4 Cal. 291; *Dodge* v. *Walley*, 22 id. 225; *Hagar* v. *Specht*, 52 Cal. 779.)

But as it is clear, comprehensive, and certain, construction is unnecessary.

Such a deed is a *conveyance*, which transfers to the grantee all the estate of the grantor, of every description, as completely as would a deed with warranty.  As a conveyance, it is in every respect, save the transmission of an after-acquired title, of the same dignity and effect as a deed with warranty.  The principle of estoppel applied to the estate conveyed by quitclaim, the same as to one conveyed with warranty.  The law holds the estate conveyed by the one as inviolate as that conveyed with the other.  (*Sullivan* v. *Davis et al.* 4 Cal. 291; *Carpentier* v. *Williams*, 25 id. 154; *Downer* v. *Smith*, 24 id. 114; *Crane* v. *Salmon*, 41 id. 63; *Gaff* v. *Middleton*, 43 id. 341; *Frey* v. *Clifford*, 44 id. 335.)

The right of property and exclusive possession passes by a quitclaim deed.  (*Gazley* v. *Price*, 16 Johns. 267; *Ketchum* v. *Evertson*, 13 id. 359; *Potter* v. *Tuttle*, 22 Conn. 512; *Kyle* v. *Kavenagh*, 103 Mass. 356.)

The effect of this deed is also to *estop* the petitioner from asserting any claim to the property conveyed inconsistent with the ownership and enjoyment thereof by the grantee.  The decisions on this subject are clear and uniform.

A grant in its own nature amounts to an extinguishment of the rights of the grantor, and implies a contract not to reassert that right.  A party, therefore, is always estopped by his own grant.  (*Fletcher* v. *Peck*, 6 Cranch, 87; *Bond* v. *Bond*, 7 Allen, 1.)

Where a person has conveyed land, he will not be permitted afterwards to claim it in opposition to his own deed, although the deed may not amount to an estoppel.  (*Jackson* v. *Stevens*, 16 Johns. 110; *Jackson* v. *Bull*, 1 Johns. Cases, 90, 91.)

A party who has executed a *release* is estopped from asserting title.  (*Jackson* v. *Foster*, 12 Johns. 488; *Walworth* v. *Town of Readsboro*, 24 Vt. 252.)

The same principle was applied in a recent case in Massachusetts.  A widow procured her dower in her husband's estate to be admeasured to her, and then conveyed all her " right of dower and power of thirds in the lot of land and the buildings thereon," and " all the interest assigned in the rents and profits

of said estate by the assignment of dower in said estate." After-
ward she petitioned the Court to set apart to her a homestead
out of this property. The grantee of her dower interest resisted
the petition. The Supreme Court, in giving its opinion, used
these words: "He" (her grantee) "is therefore entitled to
one-third of the rents and profits of the whole land, and *she can
do nothing to impair the grant which she has made.*" The peti-
tion was denied. (*Bates* v. *Bates*, 97 Mass. 392.)

The Court will notice that in this case the dower interest only
was conveyed, while in the one at bar the *entire* interest was con-
veyed. The difference between the two is in favor of the one
at bar. (See also *Etchborne* v. *Auzerais*, 45 Cal. 121.)

The petitioner now comes before the Court in this attitude:
She has conveyed her entire interest, claim, and demand, both
at law and in equity, to the deceased's children. She asks, de-
spite all this, to have a homestead meted to her from the land
which she conveyed.

Suppose, instead of conveying to these grantees—children of
decedent—she had conveyed to other parties—strangers—could
it be claimed that she could have a homestead out of the estate
which she had parted with, and thus impair it? Could she be
allowed to resume a portion of the estate which she had con-
veyed? What is the difference between the case supposed and
the one at bar?

Should the petition be granted, the result will be that after
the petitioner has conveyed all the land from which she asks a
homestead, and all her "*estate, right, title, interest, claim, and de-
mand, both at law or in equity,*" therein to the Moore children,
the Court, against the protest of the grantees, and without con-
sideration, takes from them the estate which she conveyed, and
reinvests it in their grantor.

In order to show more clearly why this petition should not
be granted, we invite the attention of the Court still further to
the effect its allowance will produce.

The order granting such petition is a *judgment of the Court*,
binding upon all parties, precisely like any other judgment, en-
dowed with the same presumptions, and as difficult to set aside.
It was so held by the Supreme Court of Texas.

"The order," says that Court, "has the effect of a *judgment*,

binding all parties, whether contesting or not, until set aside by some legitimate means. It severs so much from the estate, and withdraws it from administration." (*McLane* v. *Paschal*, 47 Tex. 371; *Estate of Burns*, 54 Cal. 223.)

Now let us see the confusion which will ensue a decree in favor of the petitioner. It will, of course, be recorded. (§ 1486, Code Civ. Proc.) There will then be on record a deed from the petitioner to Fred and Charles Moore, under which they will claim possession; also a subsequent judgment, rendered by a competent court, under which the petitioner will claim possession.

MYRICK, J.:

This is an appeal from an order denying the application of the widow of deceased that a homestead be set aside to her out of the separate property of her late husband. The deceased died October 30th, 1871, leaving the petitioner his widow, and four minor children by a former marriage, to wit: Fred W., Alice, Charles, and Stella. A son, William H., was born after the death of the intestate. On the 4th of March, 1872, letters of administration were issued to Thomas W. Moore, a brother of deceased, and the estate is still in process of administration. Since the death of intestate, the widow continued to reside on the premises described in her petition until the commencement of these homestead proceedings, when she voluntarily left the same. The children of the former marriage have not continued to reside with her. During nearly all the time Fred W. has resided elsewhere, at school and other places. About a year before filing the petition, Charles and Alice went away to school, and Stella remained with her only for a time. Her own son has continued to reside with her. On the 20th of October, 1877, Thomas W. Moore was, by the Probate Court, appointed guardian of the persons and estates of Fred W., Charles, Alice, and Stella, and they have ever since been members of his family, and are under his control. No homestead had been declared during the lifetime of deceased.

The petition of the widow for a homestead was filed August 2nd, 1877. Thomas W. Moore as administrator, and the said Fred W., Charles, Alice, and Stella, by their said guardian,

filed their objections to the granting of the prayer of the peti-
tioner.   The substantial point of the objection is, that, on the
2nd day of November, 1871, the petitioner executed a deed to
said Fred W. and Charles Moore of her right, title, and
interest in the real estate left by her said husband; and that
although the deed was a quitclaim deed, executed before the
commencement of administration, yet by it, in effect, she sold
and conveyed all her interest of every description, at law and
in equity, in and to all said real estate, including any right to
have a homestead admeasured therefrom, and she is now es-
topped from asserting any claim of any description to said real
estate, or any part thereof, and ought not to be permitted to
assert a claim of homestead.   It was upon this point that the
Court below denied her petition.

We are of opinion that the Court below erred in refusing to
admeasure and set apart a homestead.   The deed of Mrs. Moore
is silent upon the subject of homestead: whatever its effect as
a conveyance, it was no more than to convey the interest in the
property of the deceased, which she received upon his death, by
succession.   A homestead right, or a right to have a homestead,
is not a right which vests under the law by succession.   It is
a right bestowed by the beneficence of the law of this State
for the benefit of the family.   Upon the death of an intestate,
his property goes by succession to his heirs, subject to adminis-
tration.   The objects of administration are : 1st, to support the
family for a period ; 2nd, to set apart a homestead to the fam-
ily ; 3rd, to pay the expenses of administration ; 4th, to pay the
debts of the deceased; 5th, to distribute the balance of the
estate to those who take it by law.   If an heir convey his in-
terest in the estate, or any part thereof, he conveys such inter-
est only as will remain to him after satisfying the first four
objects above named, unless the deed should in terms expressly
cover more.   Setting apart a homestead is a part of the pro-
bate proceeding, as much as is a family allowance.   Suppose
there had been a guardian's sale of the interest of any one of
the minor children (not yielding enough for his or her support),
could it be said that such sale would prevent the child from
having a proper allowance ?   By no means.   The sale would
pass simply the right of the child by succession.   In the case

at bar, the deed did not estop the widow from applying for an allowance, nor from applying for a homestead. The homestead, when set apart, is to be set apart for the benefit of the widow and children. Every minor child has an interest, and has a right to be named in the decree. The property set apart is to be for a home for them all, she, the widow, taking her place as the head of the family. It certainly could not be said that her deed, conveying her interest as successor, would interfere with and defeat the purpose of the law in giving the family an abiding-place.

We have carefully examined the authorities cited by respondent, and do not find any reason to doubt the correctness of these views. The case of *Bates* v. *Bates*, 97 Mass. 392, is not parallel with this case as to its facts. There the widow had applied for and had obtained from the Probate Court admeasurement of her dower, which she conveyed, and then she applied to have a homestead set apart out of the same property. This the Court denied. That case would have been parallel with the case at bar if Mrs. Moore had first obtained *partial distribution* under our statute, had conveyed the property so distributed to her, and had then petitioned for a homestead out of the same property.

We do not see that § 1485 of the Code of Civil Procedure applies to a homestead not declared during the life of both spouses. The right to a probate homestead, so called, is not the subject of sale. This Court has already held that the *status* of the widow at the time of the application must be considered, and if she, by subsequent marriage, has ceased to be the widow of the deceased, she cannot have a probate homestead set apart to her. If a testator devised his entire estate, his separate property, his widow would still be entitled to a homestead; but if she were to execute a deed of all her interest in the estate, her grantee could not have a homestead set apart to him. If she should, after the conveyance, die, or marry again, there would be no right of homestead to survive her or her widowhood. Before the action of the Probate Court, no *estate* has vested in the family, so far as homestead is concerned. It is merely a right to have the Court, as a part of the administration, set apart property; and not until such action can it be said that

any *estate* has become vested, either at law or in equity. The right to have a homestead set apart is no estate, either in law or in equity. As the Court said, in *Bates* v. *Bates*, 97 Mass. 395: " The estate of homestead is one of a peculiar nature. It is a provision by the humanity of the law for a residence for the owner and his family."

Judgment and order reversed, and cause remanded for further proceedings.

MORRISON, C. J., and SHARPSTEIN, J., concurred.

[Subsequently, the appeal was reheard in Bank, and the following opinion and judgment was rendered.]

MYRICK, J.:

This is an appeal from an order denying the application of the widow of deceased that a homestead be set aside. The case was heard in Department Two of this Court, and its opinion was filed October 7th, 1880. Subsequently, an application that the case be heard by the Court in Bank was granted, and such hearing has been had. We are satisfied with the correctness of the opinion of the Department. The homestead to be set aside should be for the benefit of the widow and of such of the children of the deceased as shall be minors at the date of the order setting it aside. It seems to us immaterial that the petition of the widow was on behalf of herself alone. Her petition was sufficient to set the proceedings in motion, and the Court will, where there are minor children, see that their interests are protected.

Referring to § 1485 of the Code of Civil Procedure, it may well be said that the language there used is quite clear if applied to a homestead declared in the lifetime of the spouses; but if an attempt be made to apply it to a probate homestead, the language is quite obscure, if not meaningless. " Persons succeeding by purchase or otherwise to the interests, rights, and titles of successors to homesteads, or to the right to have homesteads set apart," etc. Does that language embrace the idea, " successors to the right to have homesteads set apart?" If so, there is no meaning in it; there is no such thing as an heirship

to have a probate homestead, though there may be heirship after the property has been set aside. Does the language embrace the idea, "succeeding by purchase or otherwise to the interests of successors to homesteads?" If so, the words are equally meaningless; because, as stated in the opinion of the Department, nothing which is the subject of sale vests prior to the setting apart. It is true there is a right to apply, and there is equal power in the Court to designate this or the other piece of land; no interest in any parcel of land vests until the action of the Court. In the case of a declared homestead, an instance can be put where those words would apply, viz.: A dies, leaving a widow, a homestead having been declared in his lifetime; the widow thereupon has a title to the homestead, and the right to apply to have it admeasured and set apart to her; before doing so, she conveys the homestead property, or dies, leaving heirs; in such case, her grantees or heirs (as the case may be) succeeding "by purchase or otherwise" to her homestead right, i. e., the property which came to her as survivor, may apply to have the homestead, or rather that which *was* the homestead, but is no longer a homestead (having passed out of and beyond the scope of a homestead, and become property discharged of its former character), set apart to them out of, removed from the administration of, the estate of A, deceased. But an attempt to apply those words to a probate homestead would not readily find a solution. If a widow die before applying for a probate homestead, any right to apply which she might have had is gone; no person succeeds to that right; no adult child of hers can have a right; no minor child can have any right increased by her death; therefore there can be no such thing, under this statute, as successor to the right to have a probate homestead set apart. We are therefore of opinion that the section does not apply to the case before us. It might be said that, even if the Legislature intended that a right to apply for a probate homestead was the subject of bargain and sale, it was not intended that any less interest than the entire right could be acquired by a vendee; for, if one of the parties entitled to apply—say the mother of minor children—could sell her right, and her grantee apply, such grantee would be entitled to the possession of the homestead as against the mother, and would

have a joint interest with the children, to the exclusion of the mother: which would be repugnant to the very idea of a homestead. It being the object of the Legislature to provide for a homestead, i. e., a place of home for the family, we cannot hold that the statute enacted for that purpose shall have the construction and effect of destroying the object in view.

The judgment and order are reversed, and the cause is remanded for further proceedings.

MORRISON, C. J., SHARPSTEIN, J., McKEE, J., McKINSTRY, J., and THORNTON, J., concurred.

ROSS, J., concurred in the judgment, upon the ground last stated in the opinion of Mr. Justice MYRICK.