[S. F. No. 1237. Department One.—February 9, 1899.]

In the Matter of the Estate of JOSEPH E. BACHELDER, Deceased.

ESTATES OF DECEASED PERSONS—REFUSAL TO SET APART ESTATE TO WIDOW —APPEAL—DEATH OF WIDOW—ABATEMENT—DISMISSAL.—A proceeding for the setting apart of an estate of less than fifteen hundred dollars to the widow, where there are no children, abates by the death of the widow; and the same rule applies where the court has refused to set the estate apart to the widow, and she dies pending an appeal from the order of refusal. The right of the widow does not survive to any one, and by her death the court loses jurisdiction over the proceeding, and the appeal must be dismissed.

MOTION to dismiss an appeal from an order of the Superior Court of Sonoma County setting apart an estate to the widow of a deceased person. Albert G. Burnett, Judge.

The facts are stated in the opinion of court.

T. J. Butts, and J. M. Thompson, for Appellant.

T. F. Bachelder, for Respondent.

THE COURT.—Upon the return of the inventory in the estate of the above-named decedent, and it appearing therefrom that the entire value of the estate was less than fifteen hundred dollars, Louise Bachelder, claiming to be the widow of the deceased, made application to the superior court for an order assigning to her for her use and benefit the whole of the said estate, averring in her petition that there were no minor heirs of

said estate. Upon the hearing the court denied her application, and she appealed therefrom to this court. Subsequent to the appeal she died, and the respondent has moved for a dismissal of the appeal upon that ground.

The provisions of section 1469 of the Code of Civil Procedure authorize the superior court to set aside the whole of an estate without administration for the use and support of the widow and minor children, but, if there is no widow or minor child, the power does not exist, and the estate is subject to administration. As there is no minor child in the present case, the widow was the only person for whose use and support the estate could be set apart, and by her death the court lost jurisdiction to make such an order. Her death, pending the appeal from an order refusing to grant her application, had the same effect upon the power of the court as if she had died before the application had been heard. This right of the widow does not survive to anyone, and the proceedings therefore abated by her death. (See *Kirschner v. Dietrich*, 110 Cal. 502.)

The appeal is dismissed.