[S. F. No. 4515.   Department Two.—April 3, 1906.]

In the Matter of the Estate of FRANKLIN HEYWOOD, Deceased. AGNES MAUD HEYWOOD, Appellant.

HOMESTEAD — ESTATE OF DECEDENT — MINOR — APPLICATION MUST BE MADE DURING MINORITY.—A child who was a minor at the time of the death of her father loses her right to have a probate homestead set apart to her out of his separate property, if application be not made for it during her minority.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to set aside a probate homestead. Frank H. Kerrigan, Judge.

The facts are stated in the opinion of the court.

Timothy J. Lyons, for Appellant.

Powell & Dow, for Respondent Executors.

Sullivan & Sullivan, Theo. J. Roche, and Cary Howard, for Respondents Reinstein and Johnson.

HENSHAW, J.—This was an application by Agnes Maud Heywood, the adopted daughter of deceased, for the setting .

aside to her of a probate homestead out of the separate property of deceased. The appellant was seventeen years and eleven months old at the time Franklin Heywood died, and at the time of her application was past the age of eighteen years. The court's findings were such in other respects as to entitle her to the homestead, but finding also that at the time of the application she had attained and passed her majority, the application was denied.

The single question thus presented is whether a minor child, under such circumstances, loses her right to a homestead if application be not made for it during minority. Upon behalf of appellant the hardship and injustice of such a construction of the statute is strenuously urged. It is pointed out in this case that the law contemplates that the homestead can be set apart only upon or after the return of the inventory, and, as three months' time is allowed for the return of the inventory, it could not have been set apart at all during her minority; that the probate laws look to the support of the family, are benevolent and beneficent laws, and should receive most liberal construction. All these things are true, and the argument of personal hardship may well be addressed to the lawmaking power, but it can have no effect in inducing a court to declare a law to be other than as it is plainly written. All laws, from the very imperfection of human reason, at some time and in some cases work individual hardship. Those great and salutary statutes of frauds and limitations frequently become engines of oppression, and there is little difficulty in pointing out instances in our own probate law where much greater hardships result from its omissions than any which befall in this particular case. For example, this very Homestead Law makes provision only for minor children. Yet a hopelessly bedridden invalid daughter of eighteen is certainly more deserving of the benevolent protection of the Homestead Law than would be a lusty, vigorous girl of seventeen, fully capable of supporting herself. Yet, merely by reason of the difference of years alone, the latter would be entitled to a homestead and the former denied it. It is settled by the decisions of this state that the right to a homestead is in no sense vested, and is to be determined in most instances by the conditions which exist at the time when the order is made. (*Estate of Boland*, 43 Cal. 640;

*Estate of Moore,* 57 Cal. 443.) Those cases had to do with the change in the *status* of the widow by reason of her subsequent marriage. In no case can the right be said to be fixed before the date of the application, and in this case the application was not made until after the appellant's majority. In *In re Still,* 117 Cal. 509, [49 Pac. 463], it is said: "When the widow, Grace U. Still, . . . intermarried with William Webb, she lost her right to have a homestead carved out of the property of the estate of her deceased husband; and when all the minors except Samuel W. Still reached their majority without an application for a homestead having been made for or on their behalf, their rights were similarly lost."

It must be held, therefore, that the failure of appellant to apply for a homestead during her minority forfeited the right thereto which otherwise she might have had, and the order appealed from is therefore affirmed.

McFarland, J., and Lorigan, J., concurred.