## MATTER OF ESTATE OF
## EUGENE FRANCIS NEWELL,  DECEASED
### SUPERIOR COURT, COUNTY OF ALAMEDA

( Re-marriage of Widow as bar to allowance. )

1923

Petition of Elizabeth Russell Newell, widow of deceased, after her re-marriage to have her husband's property not exceeding $1500 set aside to her under Code Civ. Proc. Sec. 1469.   Petition denied.

1.   EXECUTORS AND ADMINISTRATORS — WIDOW NOT ENTITLED TO ALLOWANCE AFTER RE-MARRIAGE.

A widow who has re-married is not entitled to have her deceased husband's estate not exceeding $1500 set off to her under Code Civ. Proc. Sec. 1469 since such section is remedial and for the benefit of the widow and minor children, and she, no longer a member of his family and not entitled to support from his estate, looks to her second husband for support.

E. C. Robinson,  Judge.

## On Petition to Assign (Re-married) Whole Estate to Widow.

The facts necessary to a decision in this case are as follows:

Eugene Francis Newell died October 31, 1918, leaving him surviving his widow, Elizabeth Russell Newell, who married a second time, and thereafter petitioned to have all the property of the deceased set aside to her under Section 1469 of the Code of Civil Procedure.

That section provides that upon the return of the inventory of the estate of a deceased, if it shall ap-

pear by verified petition of the personal representative of the deceased, or the widow, that the net value of the estate, over and above all liens and encumbrances at date of death, does not exceed $1500, the court, or a judge thereof, shall require all persons interested to appear and show cause why the whole estate should not be assigned for the use and support of the family of the deceased. And then, after prescribing what notice shall be given, it provides that if the court finds the estate of no greater value than $1500, the court shall by decree assign to the widow of the deceased, if there be a widow, and if there be no widow, then to the minor children, the said estate.

There appears to be no decision in this State exactly on all fours with the facts existing herein, but we do find analogous decisions.

It seems to me that the section is remedial, and is for the benefit of the widow and minor children, as the case may be. But when the widow re-marries she looks to her second husband for support, and there is no necessity for the support of herself out of the estate of the first husband. In other words, she is no longer, as some cases hold, a member of the family of the deceased.

In the estate of Hamilton, 66 Cal. 576, it is held (syllabus) that when a widow marries again she is no longer entitled to an allowance for her maintenance out of the estate of her deceased husband, and an order of allowance theretofore made terminates upon her remarriage, without further order of the court.

Estate of Still, 117 Cal, 509, it was held that a widow who re-married thereby lost her rights to have a homestead carved out of the estate of her deceased husband, and also lost her right to any further family allowance, which then terminated without order of court so far as she individually was concerned.

The same point was decided in Estate of Boland, 43

Cal. 640, and is approved in the Still case.

In Estate of Bose, 158 Cal. 428 it was held that where the wife voluntarily left her husband within a week after their marriage and about two years prior to his death, without any agreement as to property rights, and during such interval had no communication with him, he was relieved from liability for her support, and that she was not a member of his family at the time of his death, and was not entitled under Section 1469 C. C. P. to have his estate of less than $1500 set aside to her.

This turns upon the point that she was not a member of his family. A fortiori if she re-marries, she is not a member of the family.

This principle is re-affirmed in the case af Estate of Yoell, 164 Cal. 554; Estate of McSwain, 176 Cal. 280.

It follows, that the widow having re-married is not entitled to have the property set aside to her.

It may be said here that the minor children would have the right to have the property set aside to them, if any there be, but the widow by re-marrying has lost her individual right.

The petition is denied.

**E. C. Robison, Judge.**