[L. A. No. 11307. In Bank.—July 29, 1929.]

ARTHUR M. HILLS, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

E. W. Cunningham for Petitioner.

Hewitt, McCormick & Crump for Respondents.

CURTIS, J.—Petitioner herein applied to the probate court of the county of Los Angeles for a family allowance out of the estate of his deceased wife. The petition was denied, and petitioner thereafter filed in this court his

petition for a writ of mandate directed against said probate court and the judge thereof "commanding them to set said Petition for Family Allowance for further hearing, and upon such further hearing to make an Order granting Petitioner a family allowance." No question is raised but that *mandamus* is the appropriate remedy to test the question herein presented. The petition herein sets forth that the petitioner is the surviving husband of Eugenie Thompson Maginnis Hills, deceased; that her estate was in course of administration in said probate court; that petitioner had filed in said probate court a petition for a family allowance out of the estate of said deceased and that said court denied said petition. A general demurrer was filed to the petition herein. The petitioner has annexed to and made a part of his petition herein copies of his said petition for a family allowance presented to said probate court and of the order of said court denying said petition. The following facts appear from said petition and order: That said deceased at the time of her death left surviving her her said husband, the petitioner herein; that petitioner is without any estate of his own; that throughout the married life of deceased and petitioner, said deceased paid out of her own estate all living expenses of herself and said petitioner; that the property of said estate exempt from execution is not sufficient for the support and maintenance of petitioner and that said deceased left no children or issue surviving her.

The power to grant a family allowance is purely and exclusively the creature of statute (*In re Noah*, 73 Cal. 583, 588 [2 Am. St. Rep. 829, 15 Pac. 287]; *In re Welch*, 106 Cal. 427, 432 [39 Pac. 805]; *Estate of Heywood*, 149 Cal. 129, 130 [84 Pac. 834]; *Estate of McSwain*, 176 Cal. 280 [168 Pac. 117]). The sole provision to be found in the statutes of this state giving to the courts authority to grant a family allowance is contained in section 1466 of the Code of Civil Procedure. This section, so far as the same is material to the purpose of this proceeding, reads as follows: "*Court may make extra allowance.* If the property set apart is insufficient for the support of the widow and children, or either, the court or a judge thereof must take (make) such reasonable allowance out of the estate as shall be necessary for the maintenance

of the family, according to their circumstances, during the progress of the settlement of the estate. . . . ''

It would appear from a simple reading of this section of the code that the only persons whom the legislature intended should be entitled to an extra or family allowance under this statute or code section were the "widow and children or either." This conclusion is further strengthened when this section is read in connection with the article of the code of which section 1466 is a part, and particularly when read in connection with section 1465 of said article. These two sections relate to the same subject and should be construed together. (*Estate of McSwain, supra*). Taking such parts of these two sections together as are pertinent to the question before us they read as follows: (Sec. 1465) "the court may on petition therefor, set apart for the use of the surviving husband or wife, or in case of his or her death, to the minor children of the decedent, all the property exempt from execution, including the homestead . . . '' (Sec. 1466). ''If the property set apart is insufficient for the support of the widow and children, or either, the court must take (make) such reasonable allowance out of the estate as shall be necessary for the maintenance of the family. . . . '' It seems inconceivable after mentioning the husband in section 1465 as one of the persons to whom the exempt property might be set apart, that the legislature, had it intended that he should be entitled to a family allowance under section 1466, would not have expressly mentioned him in this section also. That his name was designedly omitted from section 1466 is apparent from a most cursory reading thereof, and is most persuasive of the conclusion that it was not intended that he should share in the benefits of said section.

It is contended by appellant that the word "family" includes the husband as well as the wife and children and that when section 1466 refers "to an allowance out of the estate as shall be necessary for the maintenance of the family" it was intended to include the surviving husband in estates of the deceased wife as well as the wife and children in estates of the .deceased husband. The husband, if living, is, of course, a member of the family. Upon his death the remaining members of the household constitute

the family. The term is used in the statutes indiscriminately to designate the family in these two different stages or conditions. For instance, in section 1464 of the Code of Civil Procedure it is provided that when a person dies "leaving a widow or minor children" they are entitled to remain in possession of certain property, including "the wearing apparel of the family." The word "family" in this section could not refer to nor include the husband. It must be therefore limited to the widow and minor children. Again, in section 1469 of the Code of Civil Procedure, if the deceased left a widow and minor children, the whole of the property may be set aside to the widow. Before this can be done, however, a notice must be given requiring "all persons interested to appear on a day fixed to show cause why the whole of the said estate should not be assigned for the use and support of the family of the deceased." In this section the word "family" unquestionably refers to the widow and children, if there be any children, and to the widow alone if the deceased left no children. It cannot in any sense include the husband, for the provisions of said section can only become operative upon his death. On the other hand, section 1468 of the Code of Civil Procedure, as it now reads, uses the word "family" in an entirely different sense. By its provisions a homestead set apart by the court for the use of the family, "if the decedent left a surviving spouse and no minor child is the property of such spouse." Clearly, under the terms of this section the word "family" as used therein, in case the surviving spouse were the husband, would include him with the surviving children, if the deceased left children, but in case no children survived the deceased the "family" would consist of the husband alone. These are the only instances in which the word "family" is used in this article of the code. It is plain to be seen that it is used in some instances to include the husband and in others it is limited to the wife, or wife and children. We must therefore look to the text of the several sections of the code in which the word "family" is used in order to determine the sense in which it is employed in any particular section. As we have already seen, when we look to the particular language of section 1466, and especially when we read

section 1465 and section 1466 together, the conclusion is apparent that the word ''family'' as used in the latter section does not include the husband.

Petitioner relies upon certain language used by this court in the *Estate of McSwain, supra,* to the effect that the family referred to in section 1466 consists of the same persons as those expressly mentioned in section 1465, ''that is the surviving husband and wife, if any, and the minor children, if any, of the decedent.'' That was a proceeding wherein the administratrix of the estate, who was also the widow of the deceased, had appealed from an order of the probate court, directing the payment of a certain sum from the funds of the estate for the maintenance, education and support of the minor child of the deceased and of his surviving wife. It appears in said estate that the court had made an adequate allowance to the widow for the support and maintenance of the family of said deceased, consisting of herself and her said minor child; that said minor child voluntarily left her mother's home after the death of her father, and thereafter through her guardian petitioned for and was given a separate allowance from said estate. It was this order from which the mother of the child, who was also administratrix of the estate, appealed. It is quite evident that the question of whether the husband was a member of the family as this term was used in section 1466 was not before the court, and therefore that any language found in the opinion purporting to determine that question was not necessary for the decision of said appeal and must be regarded as *obiter dictum.* There may also be found in other decisions brief and fragmentary expressions of the court as to the meaning of the word ''family,'' but an examination of the cases in which these occur will show that they have no bearing whatever upon the question now before us. On the other hand, in *Estate of Parkinson,* 193 Cal. 354 [224 Pac. 453], this court quite recently expressly construed together sections 1464 and 1466 of the Code of Civil Procedure. In that case the contention was made that the word ''family'' as used in said section 1466 should be confined to cases where an actual family status existed at the date of the decedent's death. In answering this claim the court said: ''We can see no reason for giving any

such restricted significance to the use of that phrase in that section, nor, in fact, in making any distinction between the application of section 1464 and section 1466 of said code in that regard. Both of these sections are dealing with the support of the widow and minor children, if any, of the decedent, the one before and the other after the return of the inventory.'' While we are in hearty agreement with the construction thus placed upon these two code sections, we cannot claim this case as a controlling authority for the reason that the question of the husband's right to a family allowance was in no way involved in that action, and the language quoted above was not used by the court in reference to such question. It is not necessary, however, for us to depend upon any such uncertain and indefinite expression of this court relative to the construction to be placed upon said section 1466 of the Code of Civil Procedure. We are satisfied from its context and from the use of the word ''family'' in other code sections that by no fair or reasonable construction of the term can it be distorted into an authoritative declaration authorizing the probate court to grant a family allowance to a husband out of the property of the deceased wife's estate.

Section 1466 of the Code of Civil Procedure substantially in its present form was enacted in the year 1872, and has ever since said date been in full force and effect. It is curious that during the long period of time intervening between the date of its enactment and the present the question of a surviving husband's right thereunder to a family allowance has never been before any of the appellate courts of this state. This circumstance can only be explained by the fact that its terms are so clear and plain that no person before the institution of the present proceeding has ever had the temerity to claim at least in these courts that it accorded to the husband the right to a family allowance from the estate of his deceased wife.

There is another circumstance which we think well to mention at this time, and which we think clearly shows that the legislature, at which the original section 1466 was adopted, never considered that there had been enacted legislation giving the right to a husband to claim a family allowance from his wife's estate. At the same session of the legislature at which section 1466 of the Code of Civil

Procedure was originally enacted there was also enacted section 969 of the Code of Civil Procedure, which provided for appeals in probate proceedings. Among the probate orders made appealable by this section of the code was an order against or in favor of ''making an allowance for a widow or child.'' We find no provision in the code adopted at that time giving an appeal from an order against or in favor of making an allowance for a husband. The only reason that we can perceive for the failure on the part of the legislature at that time to have provided for an appeal from such an order was that it never occurred to the legislature that by the enactment of section 1466 it had provided for the making of any such allowance to the husband. Section 969 of the Code of Civil Procedure has been incorporated in and made a part of section 963 of the same code. This latter section has been amended at various times since the old section 969 was made a part thereof, but the provision taken from section 969 relative to an appeal from an order making an allowance for the widow or child has never been changed in any respect and it maintains to-day the precise phraseology of the original section enacted in 1872. During all this time no amendment or other provision has ever been enacted providing for an appeal from an order making an allowance to the husband. We might well infer from the absence in our code of procedure of such a provision that it has been the settled conviction of the legislature as well as of the people generally during all these years that there was no statutory authority for the granting of an order making a family allowance to the husband. If there had been any idea in the minds of the several legislators, who proposed and enacted the various amendments to section 963, that a husband was entitled to an order for family allowance out of his wife's estate, we would naturally expect that in amending said section there would have been inserted there during some of these various sessions, a provision for an appeal from such order, as long as said section gave the right of an appeal from a like order in favor of or against a wife or child. It therefore appears to us that the legislature enacting section 1466 of the Code of Civil Procedure never intended by any of the provisions thereof to give to the husband the right to a family allowance from the estate of his deceased wife.

Neither are we of the opinion that the three later legislatures at which section 1466 had been re-adopted in slightly modified form, but without changing it in respect to the designation of the persons entitled to a family allowance, had any thought or intention that there was being enacted legislation that would give to a husband the right to claim a family allowance.

As we view the question before us, it was never the intention of the legislature, nor has it by any reasonable construction to be placed upon section 1466 of the Code of Civil Procedure authorized the court to grant the order for which the petitioner applied. It was proper, therefore, for the court to deny his said application.

His petition herein, therefore, is hereby denied.

Waste, C. J., Langdon, J., Seawell, J., and Shenk, J., concurred.

PRESTON, J., Dissenting.—I dissent. The sole question presented by this original proceeding in mandate and general demurrer to the petition is: Do the provisions of section 1466 of the Code of Civil Procedure authorize granting to a surviving husband a family allowance out of the estate of his deceased wife?

Petitioner, a surviving husband without estate of his own and who throughout his married life was supported and maintained out of his wife's property, seeks a family allowance from her estate now in the course of probate. He alleges also that the estate possesses no real property out of which a homestead might be carved and that the exempt property is insufficient for his support.

The power of the court to grant a family allowance from the estate of a deceased person is purely statutory (*McSwain's Estate*, 176 Cal. 280 [168 Pac. 117]). The solution of the problem before us, therefore, rests upon the interpretation given to sections 1465 and 1466 of the Code of Civil Procedure, which read in part as follows:

"1465. All Property Exempt From Execution to Be Set Apart for Use of Family. Upon the return of the inventory . . . the court may . . . set apart for the use of the surviving husband or wife . . . all the property exempt from execution, including the homestead selected. . . . If

none has been selected . . . the court must select . . . a homestead for the use of the surviving husband or wife, and the minor children. . . . ''

"1466. Court May Make Extra Allowance. If the property set apart is insufficient for the support of the widow and children, or either, the court . . . must make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances, during the progress of the settlement of the estate. . . . ''

In brief the contention of respondents is that under the latter section a condition precedent to allowance by the court of maintenance for the family is that the property set apart be insufficient for the support of the widow and children; hence where there is neither widow nor children, the granting of a family allowance is unauthorized. This contention of respondents, however, is in the face of a contrary holding of this court (*In re Garrity,* 108 Cal. 463 [38 Pac. 628, 41 Pac. 485]).

In that case the right to a family allowance was before the court and it was contended that inasmuch as real estate existed out of which might be set apart a homestead, until this was done the granting of such allowance was unauthorized and would further be unauthorized unless it was found that after setting apart a homestead, it, together with the exempt property, would be insufficient for the support of the family. The court, ruling that the right to a family allowance existed independent of these conditions, said: "The right of a family to an allowance for its support is not, however, contingent upon a previous order setting apart a homestead for its use. Whether a homestead be set apart or not, section 1466 confers upon the court the power, in its discretion, to 'make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family according to their circumstances during the progress of the settlement of the estate.' ''

Respondents' position may again be summed up in the contention that the word "family" as used in section 1466 excludes a surviving husband. It is to be noted that this section is one of a series of sections relating to "provision for the support of the family." It is easily demonstrable

from the text of sections 1464, 1465 and 1468 of this chapter that the word "family" includes the husband—the deceased husband in section 1464 and the surviving husband in the other two sections. Why, then, should the word be given a meaning in section 1466 that excludes him? It is easily to be supposed that circumstances may exist which entitle him to as much consideration as a widow and minor children are entitled to and we find no foundation upon which to base a legislative intent to deny him the same right accorded them. The majority opinion admits the husband is a constituent part of the family but cuts him off. I presume he should be too gallant to claim such allowance! The opinion ignores the effect of *In re Garrity, supra,* a case of controlling importance.

It is true that this question has not been squarely presented in any previous decision of this court, but the case of *In re Garrity, supra,* goes a long way toward foreshadowing the conclusion herein reached. It is also true that in *Phelan* v. *Smith,* 100 Cal. 158, 170 [34 Pac. 667], the court uses this language in referring to said chapter of the code, especially including said section 1466: "The term family throughout the chapter is used as synonymous with and as representing the surviving wife or husband and children, if any."

In *McSwain's Estate, supra,* this court considered the question of a separate allowance to be made to a minor child of deceased after an allowance had been made to the surviving wife for her support, and used these words: "Sections 1465 and 1466 relate to the same subject. The latter obviously refers to the conditions described in the former. They should be construed together, and so construed, it is obvious that the family referred to in the latter section consists of the same persons as those expressly mentioned in the former section, that is, the surviving husband and wife, if any, and the minor children, if any, of the decedent."

A similar construction of the word is found in *In re Lamb,* 95 Cal. 397, 407, 408 [30 Pac. 568, 571], where the court was considering section 1474 of the Code of Civil Procedure relating to setting aside a homestead to the surviving spouse, and used this language: "It is true that the word 'family' in its ordinary signification, refers to two or

more persons, and as used in the section just referred to, will include those living under the same roof as kindred or dependents, and under one head, thus constituting a family, as that term is generally understood; but this word as used in the statute concerning probate homesteads, is not to be so restricted in its meaning as to exclude the only survivor of the family (e. g. the husband) of which deceased was a member. The object of the statute is to preserve the family home for the use and benefit of the survivor or survivors of those occupying it as such, and the right of the surviving husband or wife to retain this home for such period as the court may direct, does not depend upon the fact that there are children or others who may share in its use.''

It is true, as respondent contends, that there is certain language in *Estate of Steehler,* 195 Cal. 386, 395 [233 Pac. 972], which might be considered at variance with the above quotations, but an examination of the holding there made shows that the question before us was not involved and the language relied upon was used arguendo and was, therefore, not determinative of the issue we are considering.

I am, therefore, of the opinion that under said section the surviving husband, as a constituent element of the family, is entitled to a family allowance out of the estate of his deceased wife and it is the duty of the court, sitting in probate, to make such suitable allowance to him as under the circumstances may be deemed just and proper.

I think the peremptory writ should issue.

Richards, J., concurred.