42 Cal.2d 728 (1954)
Estate of ALFRED G. BLAIR, Deceased. PHOEBE L. BONNEN et al., Respondents,
v.
NAOMI BLAIR RUOFF et al., Appellants.
L. A. No. 22852. 
Supreme Court of California. In Bank. 
Apr. 27, 1954.
 Leon U. Everhart, Edward Payson Hart and Montgomery G. Rice for Appellants.
 Harry A. Pines, Adele Walsh and Roy B. Woolsey for Respondents.
 TRAYNOR, J.
 The residuary legatees under the will of Alfred G. Blair, deceased, appeal from an order granting a family allowance out of his estate to the estate of his deceased widow, Susan Ann Blair.
 Alfred Blair died testate on July 8, 1950. He left surviving his widow and two adult children by a former marriage, Naomi Blair Ruoff and Alfred Granville Blair. Mrs. Ruoff is executrix of the estate. She is also a residuary legatee under the will. In August, 1950, the widow was declared an incompetent, and Mrs. Ruoff was appointed guardian of her person and estate. Her estate was sufficient to meet her needs. The court authorized Mrs. Ruoff to expend from Mrs. Blair's estate the sum of $500 per month for the widow's maintenance *730 and care. No attempt was made before the widow's death in May, 1951, to secure a family allowance from her husband's estate, although the estate was adequate. After Mrs. Blair's death the administratrix of her estate, Phoebe L. Bonnen, filed a petition for a family allowance. She later resigned, and Rebecca Riley, her successor and the present administratrix, adopted her petition. The court ordered Mrs. Ruoff, as executrix, to pay to the administratrix of Mrs. Blair's estate $5,216.58, i.e., $500 for each month between the death of Alfred Blair and the death of the widow.
 It is not disputed that the widow could have qualified for a family allowance during her lifetime. The issue is whether the right exists in favor of her estate.
 [1] The right to a family allowance, which is entirely statutory (Estate of King, 19 Cal.2d 354, 362 [121 P.2d 716]; Hills v. Superior Court, 207 Cal. 666, 667 [279 P. 805, 65 A.L.R. 266]; Estate of McSwain, 176 Cal. 280, 283 [168 P. 117]), is given by section 680 of the Probate Code: "The widow, widower, minor children, and adult children who have been declared incompetent by order of court are entitled to such reasonable allowance out of the estate as shall be necessary for their maintenance according to their circumstances, during the progress of the settlement of the estate, which, in case of an insolvent estate, must not continue longer than one year after granting letters. Such allowance must be paid in preference to all other charges, except funeral charges, expenses of the last illness and expenses of administration, and may, in the discretion of the court or judge granting it, take effect from the death of the decedent."
 [2a] It is true, as respondent asserts that the family allowance is favored by the law and that section 680 is liberally construed by the courts. The section, however, does not authorize the probate court to make an allowance in this case for the benefit of persons other than the widow. [3] It was enacted out of concern for the needs of the surviving family during the period of readjustment following the death of a spouse. (Estate of McSwain, 176 Cal. 280, 284 [168 P. 117]; In re Walkerly, 77 Cal. 642, 645 [20 P. 150].) [4] The allowance to meet those needs is preferred to most other claims (Prob. Code, 750); and upon proper application, it must be granted even if the estate is insolvent. [2b] This highly preferential position accorded the family allowance is for the benefit only of persons designated in the statute. (Hills v. Superior Court, 207 Cal. 666, 668 [279 P. 805, 65 A.L.R. 266].) *731
 [5] Respondent's claim is based upon the final clause of the section that in the discretion of the court the allowance may be granted retroactively to the date of the decedent's death. Her contention is that even though the first part of the section can serve only to provide support for an existing person, the last clause is not so restricted. We find no basis in the section for this contention. The final clause, like the preceding ones, describes the scope of the right and serves the same purposes. The section has no application when there is no person to be maintained and thus no person to whom the section could apply.
 [6] The statutes relating to the family allowance (Prob. Code, 680) and the probate homestead (Prob. Code, 661) are so close in purpose, effect, and wording that cases construing one are cited authoritatively in cases construing the other. (Estate of Brooks, 28 Cal.2d 748, 750 [171 P.2d 724].) Both are based on the policy that places the welfare of the decedent's surviving family above the interests of his creditors, heirs, legatees, and devisees; but the rights they confer are for the members of the family only, persons outside the family cannot assert them by assignment or succession.
 Although the precise question in this case is one of first instance, it has been held that rights similar to the right to a family allowance abate on the death of the widow. In Estate of Bachelder, 123 Cal. 466, 467 [56 P. 97], the widow's right under former section 1469 of the Code of Civil Procedure, now Probate Code section 645, to have a small estate set apart to her "for the use and support of the family" was held to be a personal right that did not survive her death. In Estate of Moore, 57 Cal. 437, it was held that the widow's right to have a probate homestead set apart to her was nonassignable and that no one can succeed to the right to have a probate homestead set apart. "If a widow die before applying for a probate homestead, any right to apply which she might have had is gone; no person succeeds to that right. ..." (57 Cal. 437, 445.) [7] Ordinarily a right that cannot be assigned does not survive the death of the person entitled to it. (California Packing Corp. v. Lopez, 207 Cal. 600 [279 P. 664, 64 A.L.R. 1412]; Wikstrom v. Yolo Fliers Club, 206 Cal. 461 [274 P. 959]; see 1 Am.Jur., "Abatement and Revival," 80; 1 C.J.S., "Abatement and Revival," 132.) In In re Lux, 114 Cal. 73 [45 P. 1023], on which respondent relies, the widow died pending an appeal from an order granting *732 her an allowance. The court held that since the order was properly granted before the widow's death, her estate could recover sums that had accrued under it during her lifetime. In the present case there was no order granting a family allowance, and thus no money due or accrued under a valid order during the lifetime of the widow.
 Respondent invokes Estate of Brooks, 28 Cal.2d 748 [171 P.2d 724], and Estate of Moore, 170 Cal. 60 [148 P. 205], for the proposition that conditions that exist at the time of the decedent's death and not those existing later determine whether or not a family allowance can be granted. The Brooks case held that to qualify for either a family allowance or a probate homestead, the widow must be entitled to support from her husband at the time of his death. The case did not hold that the right to an allowance may not be lost by events occurring thereafter. The Moore case involved the right to a family allowance of a widow who remarried after her husband's death. An order was entered after the widow's remarriage granting an allowance for the period between the husband's death and the widow's remarriage. Subsequently the court entered an order settling the administrator's account in which he claimed credit for amounts paid pursuant to the order for family allowance. The Moore case is not directly in point. It did not involve the question whether the right to a family allowance can survive the death of the widow (cf. Estate of Bachelder, supra, 123 Cal. 466, 467). Moreover, it involved a collateral attack on the order for family allowance (Estate of Keet, 15 Cal.2d 328, 333 [100 P.2d 1045]; Estate of Nolan, 145 Cal. 559, 561 [79 P. 428]), and it was therefore necessary to decide only if the court had jurisdiction. In Rountree v. Montague, 30 Cal.App. 170, 177-178 [157 P. 623], it was held that the question of status does not go to the jurisdiction of the court and that an order setting aside a probate homestead to a remarried widow, although erroneous, was not subject to collateral attack. The Rountree case also indicated that the same rule applied to an order for family allowance. (30 Cal.App. 170, 179.) [8] The rationale of the decision in the Moore case, however, is inconsistent with the long established rule that the right to a family allowance or probate homestead is lost when the one for whom it is asked has lost the status upon which the right depends (Estate of Pillsbury, 175 Cal. 454, 457-459 [166 P. 11, 3 A.L.R. 1396]; Estate of Heywood, 149 Cal. 129, 130- 131 [84 P. 834]; In re Still, 117 Cal. 509, 514 [49 P. 463]; *733 Estate of Hamilton, 66 Cal. 576 [6 P. 493]; Estate of Moore, 57 Cal. 437, 443; Estate of Boland, 43 Cal. 640, 643; Estate of Gosnell, 63 Cal.App.2d 38, 39 [146 P.2d 42]), and is therefore disapproved.
 Monahan v. Monahan's Estate, 232 Mo.App. 91 [89 S.W.2d 153, 158], on which respondent relies, involved a Missouri statute in which the right to "maintenance becomes vested in the surviving spouse immediately upon the death of the mate." [9] In California, however, it is well established that the right to a family allowance or probate homestead is not a vested right and that nothing accrues before the order granting it. (Estate of Pillsbury, 175 Cal. 454, 457 [166 P. 11, 3 A.L.R. 1396]; Estate of Heywood, 149 Cal. 129, 130-131 [84 P. 834]; In re Lux, 114 Cal. 73, 87 [45 P. 1023]; Estate of Boland, 43 Cal. 640, 642; Estate of Shapero, 39 Cal.App.2d 144, 146 [102 P.2d 569].)
 Respondent relies on Mead v. Phillips, 135 F.2d 819, to support her contention that whatever the rule may be as to a competent widow, the right of an incompetent widow to a family allowance must be held to survive her death. The court held that a statute requiring the widow to renounce rights under the will or lose her common law rights did not apply to an incompetent widow. Just as in the Monahan case, supra, the court was considering rights that vested in the widow on her husband's death and survived her own death, and the court held that her inability to make an election within the statutory period because of incompetence did not defeat the power of the court to make the election for her after her death. [10] As noted above, however, in the present case no right accrued before the death of the widow, and none could arise thereafter. [11] Moreover, it is not necessary to rule in favor of the administratrix to prevent fraud on the part of the guardian. The guardian may be held to account in the guardianship proceedings for any alleged failure to preserve his ward's estate by failing to make a timely application for family allowance. Respondent's contention that Estates of Boyes, 151 Cal. 143 [90 P. 454], precludes surcharging the guardian's account is unfounded. In that case the written objections to the guardian's accounts contained no suggestion of any claim that it was the guardian's duty to obtain a family allowance for his wards and that because of his failure to do so he could not be allowed any credit for payments out of the wards' estates. The court *734 held that evidence in support of this claim was inadmissible since the right of the contestants to surcharge the accounts was limited to those matters set up as grounds of contest in the written objections. (151 Cal. 143, 147.) The court also held that the question whether the guardian-administrator had breached a duty as administrator in failing to secure a family allowance for the wards could not be raised in exceptions to his guardianship accounts (151 Cal. 143, 152). It did not hold that his alleged breach of duty as guardian could not be so raised.
 The order is reversed.
 Shenk, J., Edmonds, J., Carter, J., Schauer, J., Spence, J., and Bray, J. pro tem., [fn. *] concurred.
NOTES
[fn. *] *. Assigned by Chairman of Judicial Council.