[No. B096662. Second Dist., Div. Six. Sept. 18, 1996.]

LARRY T. PARSON, as Trustee, etc., Plaintiff and Appellant, v. SIGRID PARSON, Defendant and Respondent.

538

**COUNSEL**

Robert M. Triplett, Lascher & Lascher and Wendy C. Lascher for Plaintiff and Appellant.

Lowthorp, Richards, McMillan, Miller, Conway & Templeman and Patrick T. Loughman for Defendant and Respondent.

## OPINION

YEGAN, J.—Larry T. Parson, successor trustee of the Tage A. Parson Revocable Trust No. 1, appeals from an order awarding a family allowance to Sigrid Parson (respondent), the disinherited surviving spouse of Tage Parson (decedent). He contends the trial court erred because the Probate Code does not authorize a family allowance in cases involving revocable trusts. The trial court granted the award because it determined that respondent would have been entitled to a family allowance from the decedent's estate (Prob. Code, § 6540)[1], and that the trust property is subject to the claims of creditors of the decedent's estate. (§ 19001, subd. (a).) This ruling is erroneous as a matter of law. Accordingly, we reverse.

About six months before his death, the decedent created a revocable living trust naming his son, Larry Parson, as the beneficiary and successor trustee. The trust, which embraced all of the decedent's assets, and decedent's will both specifically disinherit respondent, decedent's wife of 17 years. Respondent is in her early 90's and resides in a nursing home.

About three months after the death, respondent petitioned the trial court for a family allowance (§ 6540), and an order setting apart a probate homestead. (§ 6521.) Her petition alleges that she requires about $1,800 per month for the nursing home, her medical insurance and incidentals. It contains no information concerning her separate property or whether she has other sources of financial support.

Larry Parson opposed the petition on the ground that the Probate Code authorizes a family allowance only in connection with the administration of an estate. (§ 6540.) Because this case involves a trust, not an estate, he contends respondent is not entitled to a family allowance.

The trial court determined that section 6540 mandates the award of a family allowance to a surviving spouse during the administration of an estate. While the Probate Code does not expressly authorize a family allowance from trust property, the trial court found implicit authorization in sections 19001 and 11420. Section 19001 provides: "(a) Upon the death of a settlor, the property of the deceased settlor that was subject to the power of revocation at the time of the settlor's death is subject to the claims of

---

[1] All statutory references are to the Probate Code unless otherwise stated.

creditors of the deceased settlor's estate and to the expenses of administration of the estate to the extent that the deceased settlor's estate is inadequate to satisfy those claims and expenses. [¶] (b) The deceased settlor, by appropriate direction in the trust instrument, may direct the priority of sources of payment of debts among subtrusts or other gifts established by the trust at the deceased settlor's death. Notwithstanding this subdivision, no direction by the settlor shall alter the priority of payment, from whatever source, of the matters set forth in Section 11420 which shall be applied to the trust as it applies to a probate estate."

Section 11420 provides: "Debts shall be paid in the following order of priority among classes of debts . . . . : [¶] (1) Expenses of administration. [¶] (2) Funeral expenses. [¶] (3) Expenses of last illness. [¶] (4) Family allowance. [¶] (5) Wage claims. [¶] (6) Obligations secured by a mortgage, deed of trust, or other lien . . . . [¶] (7) General debts . . . ."

The trial court reasoned that section 19001, subdivision (b) makes section 11420 applicable to revocable trusts. Because section 11420 gives a family allowance priority over most other debts, the trial court concluded that the statute authorizes the payment of a family allowance from a revocable trust.

■ Section 6540, subdivision (a) provides that a surviving spouse is "entitled to such reasonable family allowance out of the estate as is necessary for [the spouse's] maintenance . . . during administration of the estate . . . ." (§ 6540, subd. (a).) "Unknown at common law, the family allowance is the exclusive creature of statute." (*Estate of Herrera* (1992) 10 Cal.App.4th 630, 633 [12 Cal.Rptr.2d 751].) Its purpose is to provide for the support of the persons designated in the statute during the period between the decedent's death and the distribution of the estate. (*Estate of Blair* (1954) 42 Cal.2d 728, 730 [269 P.2d 612]; *Estate of Herrera, supra,* 10 Cal.App.4th at p. 634; *Estate of Hafner* (1986) 184 Cal.App.3d 1371, 1397 [229 Cal.Rptr. 676].) Payment of the allowance is given priority over virtually every other debt. (§§ 11420, subd. (a), 11421.) Accordingly, the allowance is said to occupy a preferential position and to be "highly favored by the law." (*Estate of Blair, supra,* 42 Cal.2d at p. 730; *Estate of Herrera, supra,* 10 Cal.App.4th at p. 634.)

■ Despite its favored position, the family allowance has its limits. For example, *Blair* held that an allowance could not be awarded to a widow's estate, even if she would have qualified for an allowance had she requested it during her lifetime. (*Estate of Blair, supra,* 42 Cal.2d at pp. 731, 733.) Similarly, *Hafner* reversed a family allowance awarded to a putative spouse because, ". . . the Legislature did not provide for a family allowance for a

putative spouse though it easily could have done so if that had been its intent. . . . [¶] The language of section [6540] is not ambiguous . . . . [I]t does not authorize the probate court to make a family allowance for the benefit of persons other than those specified therein. A putative spouse is not one of the persons specified in section [6540] and the court's award of a family allowance to a putative spouse is contrary to law." (*Estate of Hafner, supra,* 184 Cal.App.3d at p. 1398.)

We adopt a similar commonsense construction of the plain language of section 6540. The statute authorizes the payment of a family allowance "out of the estate . . . during administration of the estate . . . ." (§ 6540, subd. (a).) In this case, there is no "estate" because the decedent placed all of his assets in a revocable trust. Because there is no estate, there is no period of "administration" during which the allowance could be paid, nor are there any funds to be paid "out of the estate . . . ." Accordingly, section 6540 does not authorize a family allowance in this case.

Respondent contends that sections 19001 and 11420 provide the necessary authority. Section 11420 grants the payment of a family allowance priority over the payment of most other debts. Section 19001, subdivision (b) makes section 11420 applicable to a revocable trust. Respondent concludes that section 19001 therefore authorizes the award and payment of a family allowance from a revocable trust.

We disagree. Section 11420 sets priorities for the payment of debts, it does not create them. For example, section 11420 requires that administrative expenses be paid first. Under section 19001, then, a trust must pay its administrative expenses before any other bills. But nothing in section 11420 requires the trust to incur such expenses, nor does it require that a payment be made for administrative expenses even if the trust has no such expenses. By the same token, section 11420 does not grant a surviving spouse the right to receive a family allowance. It requires only that such an allowance, if otherwise authorized, be paid in a specific priority.

Such a payment might be required from a trust if, for example, a settlor placed some assets in a revocable trust and provided for the disposition of other assets by will. In that case, a surviving spouse may be entitled to a family allowance from the estate (e.g., those assets subject to the will). Section 19001, subdivision (a) makes the assets of a revocable trust "subject to the claims of creditors of the deceased settlor's estate . . . to the extent that the deceased settlor's estate is inadequate to satisfy those claims . . . ." Thus, if the assets of the estate were insufficient to pay the family allowance, section 11420 may require the trust to make up the difference.

That circumstance does not exist here. Here, the settlor placed all of his assets in the revocable trust, leaving none for disposition under his will. Thus, he had no estate from which a family allowance could be paid to respondent. The incorporation of section 11420 into section 19001 does not create an estate out of thin air, nor does it authorize the payment of a family allowance where no estate exists.

Respondent also contends that section 19001 subdivision (a) authorizes the payment of a family allowance from the trust. She is incorrect. Subdivision (a) makes the assets of a revocable trust available to satisfy the claims of creditors of the deceased settlor's estate. As relevant here, a claim is "a demand for payment for any of the following, whether due, not due, or contingent, and whether liquidated or unliquidated: [¶] (1) Liability of the deceased settlor, whether arising in contract, tort, or otherwise." (§ 19000, subd. (a).)

This argument fails for the reasons stated above. The deceased had no estate against which respondent could make a claim. Moreover, the obligation to pay a family allowance is not a "[l]iability of the deceased settlor . . . ." (§ 19000, subd. (a)(1).) It is an obligation that arises only after death and after an appropriate order is made. (*Estate of Blair*, *supra*, 42 Cal.2d at 733.)

Section 6540 authorizes the award of a family allowance only in connection with the administration of an estate. No estate exists here because the deceased disposed of his assets through a revocable trust. Sections 19001 and 11420 do not authorize the payment of a family allowance from a revocable trust where, as here, no estate exists.

The order awarding a family allowance is reversed. Costs to appellant.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 18, 1996.