[Crim. No. 3143. First Dist., Div. Two. July 2, 1956.]

THE PEOPLE, Respondent, v. RUFUS HARVEY, SR., Appellant.

Rufus Harvey, Sr., in pro. per., and Loyd W. Carter, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Raymond M. Momboisse, Deputy Attorney General, Francis W. Collins, District Attorney (Contra Costa), and Rudd Sellar, Deputy District Attorney, for Respondent.

DOOLING, J.—Defendant appeals from a judgment of conviction entered on a jury verdict finding him guilty of possessing marijuana in violation of Health and Safety Code, section 11500.

On the evening of October 28, 1954, Police Officers Aiello and Russo of the Pittsburg Police Department were instructed by their superiors, Inspectors Schillace and Flynn to go on a "stake-out" in the vicinity of appellant Harvey's residence.

They were told that appellant had been under surveillance by the department for some time and that he was believed to be dealing in narcotics. They were to observe appellant's residence and appellant if he should appear. If they believed that "something was wrong" they were instructed to place appellant under arrest.

About 8:30 p. m. the police officers arrived at the stake-out. They concealed themselves across the street from appellant's residence behind a tree. A few minutes later appellant arrived on the scene in a 1950 Cadillac. Appellant got out of the Cadillac and apparently stood by it a little while. A blue coupé approached and parked just behind appellant's car. Appellant walked up to the occupant of the coupé, who remained in his car, and talked with him several minutes. The coupé then drove away. Appellant walked across the street toward his residence. He looked at something that was on the windshield of another car and then disappeared from the officers' view.

A few minutes later the officers saw appellant coming down an outside flight of stairs from his upstairs apartment. Appellant stood for a few seconds at the foot of his stairs looking up and down the street with his hands in his overcoat pockets. He crossed the street to where the officers were standing behind the tree. Appellant looked up and down the street. The officers then decided to take him into custody. Officer Russo testified: "We thought something was wrong."

The officers testified that they identified themselves as officers, showed their police badges and asked appellant to take his hands out of his pockets. Appellant did not comply but backed off from the officers. A struggle ensued. Three other officers arrived and appellant was subdued. All of the police officers were in civilian clothes. Officer Russo took a package from appellant's hand which was later found to contain marijuana.

At the trial the package containing marijuana taken from appellant at the time of his arrest was introduced into evidence. Marijuana was also found after his arrest in the Cadillac car driven by appellant and traces of marijuana were found on the clothing worn by him when he was arrested. This was also introduced into evidence.

We agree with appellant's contention that the marijuana was obtained by an illegal search and seizure.

■ The case was tried before the decision of *People* v. *Cahan,* 44 Cal.2d 434 [282 P.2d 905], and hence the claim

that the evidence was obtained by an illegal search is open to defendant although no objection was made to the introduction of the evidence. (*People* v. *Kitchens,* 46 Cal.2d 260 [294 P.2d 17] ; *People* v. *Maddox,* 46 Cal.2d 301 [294 P.2d 6].)

When the officers stepped from behind the tree and approached the defendant with the avowed purpose of placing him under arrest they had no legal ground for arresting him. His conduct up to that time was such as any man may legally engage in on a public street without arousing suspicion of misconduct. He had parked his car, talked to a person in another car, looked at something on the windshield of a third car, gone into his house, left his house again with his hands in his pockets, crossed the street and stood on the sidewalk looking up and down. These were all innocent actions that any law-abiding citizen should be able to engage in without fear of search or arrest. The fact that defendant was believed to be dealing in narcotics, added to such innocent conduct as the officers observed, was not sufficient to justify defendant's arrest without a warrant. The case in this respect was no stronger than that in *People* v. *Sanders,* 46 Cal.2d 247 [294 P.2d 10], where the court held that the fact that the defendant was a known bookmaker did not justify his arrest when he was seen writing upon a pad which might be innocently used by any businessman in the lawful conduct of his business.

The People however argue that since the officers had the right to interrogate a man found upon the street at night (*People* v. *Blodgett,* 46 Cal.2d 114 [293 P.2d 57]) the conduct of the defendant in backing away and refusing to take his hands from his pockets constituted suspicious conduct which justified the officers in seizing and searching the defendant (*People* v. *Blodgett, supra*; *People* v. *Martin,* 46 Cal.2d 106 [293 P.2d 52]).

The difficulty with this argument is that the police officers were not interrogating the defendant, but by their own unqualified testimony they were arresting him. Aiello testified that just before they stepped out from behind the tree: "I says, 'Shall we place him under arrest' and he says, 'Okay', so I walked out first." Russo testified, "we nudged each other and says, 'Let's place him into custody.'"

From the testimony of the officers it is clear that they approached the defendant, identified themselves to him as officers and requested him to remove his hands from his pockets as

a step in his arrest, which they had already determined upon. They had no intention of interrogating him. They had already decided to arrest him and were carrying out that decision. Since the arrest was illegal their illegal conduct cannot become legal by what was disclosed while they were engaged in making the illegal arrest. (*People* v. *Brown*, 45 Cal.2d 640 [290 P.2d 528]; *People* v. *Gale*, 46 Cal.2d 253 [294 P.2d 13].)

Judgment reversed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied July 17, 1956, and respondent's petition for a hearing by the Supreme Court was denied August 1, 1956. Shenk, J., was of the opinion that the petition should be granted.