[Crim. No. 1897. Fourth Dist. Sept. 23, 1963.]

THE PEOPLE, Plaintiff and Appellant, v. W. H. BROCK, Defendant and Respondent.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and James E. Hamilton, District Attorney, for Plaintiff and Appellant.

Jack Boggust for Defendant and Respondent.

COUGHLIN, J.—The defendant, respondent herein, is the Chief of Police of Westmorland; was indicted for the felonious false imprisonment of an 11-year-old boy, *viz.*, false imprisonment effected by violence, menace, fraud or deceit in violation of sections 236 and 237 of the Penal Code; and moved to dismiss the indictment pursuant to section 995 of the Penal Code, upon the ground that it had been returned without probable cause. The court granted his motion. The People appealed.

The issue on appeal is whether the evidence before the grand jury was sufficient to establish some rational ground for assuming the possibility that the defendant committed the offense with which he was charged. (*Bompensiero* v. *Superior Court*, 44 Cal.2d 178, 183 [281 P.2d 250].) In determining this issue the court may not substitute its judgment with respect to the weight of the evidence for that of the grand jury. (*Lorenson* v. *Superior Court*, 35 Cal.2d 49, 55 [216 P.2d 859]; *People* v. *Olf*, 195 Cal.App.2d 97, 103 [15 Cal.Rptr. 390].) If there is any substantial evidence in support of the indictment the determination of the grand jury must be affirmed. (*Lorenson* v. *Superior Court, supra,* 35 Cal.2d 49, 55; *People* v. *Olf, supra,* 195 Cal.App.2d 97, 103.) The facts governing the decision at hand will be stated accordingly, even though the evidence with respect thereto is conflicting.

On Sunday afternoon, February 3, 1963, the defendant stopped Michael Faulk, an 11-year-old boy, who was riding his bicycle along a public street in Westmorland, and inter-

rogated him respecting the release of his sister's dog from the pound. The dog in question had been placed in the pound because it had not received rabies shots. Thereafter someone released the dog by prying open the bottom of the door leading into the pound. Michael was asked whether the dog was home; replied in the affirmative; was asked if he knew how the dog got home; replied in the negative; and then was told to get into the police car, which he did. Thereupon the defendant, accompanied by another officer, took the boy to the police station. Upon alighting from the car the boy ran to his home, which was across the street from the police station; entered the same; and told his mother what had happened. The defendant followed; forced his way into the house; grabbed Michael; participated in an ensuing melee between himself, Michael, the latter's mother, his sister, and the accompanying officer; again grabbed Michael, who had been released during the scuffle; choked him; dragged him across the street; and placed him in a cell in the jail. The boy's mother and sister followed; refused to leave the jail while he was kept in custody; in turn, were locked in an office while the defendant went for a matron; but were released about 15 minutes later. The defendant made a written report of the incident in which he stated that the minor had been booked for investigation of malicious mischief; that the mother said she knew who had opened the door of the dog pound, but would not tell the officer the name of this person; and that later she revealed the name in question. While in the jail cell the boy was asked, a number of times, who had taken the dog, and each time he replied that he did not know. The defendant told the mother that unless she told him who released the dog, he would keep her son in the jail or at Juvenile Hall. After the mother had revealed the name of the alleged culprit the minor was released. He had been in custody approximately two hours.

■ "False imprisonment is the unlawful violation of the personal liberty of another" (Pen. Code, § 236); involves two elements, viz., (1) restraint of the person, and (2) the unlawfulness of that restraint (*People* v. *Zilbauer*, 44 Cal.2d 43, 51 [279 P.2d 534]; *People* v. *Agnew*, 16 Cal.2d 655, 659, 664 [107 P.2d 601]; *Ware* v. *Dunn*, 80 Cal.App.2d 936, 943 [183 P.2d 128]); occurs when the restraint is not authorized by law (*People* v. *Sagehorn*, 140 Cal.App.2d 138, 147 [294 P.2d 1062]; *Ware* v. *Dunn*, *supra*, 80 Cal.App.2d 936, 943-944); and, thus, includes the unauthorized taking of a person into custody by a peace officer.

■ Under the facts heretofore outlined, the primary question for determination is whether the act of the defendant in taking Michael into custody was authorized. He contends that he had such authority because the boy was a minor; that, by virtue of section 625 and section 602 of the Welfare and Institutions Code, a peace officer may take a minor into temporary custody, without a warrant, when he has reasonable cause for believing that the minor has committed a criminal offense; and he had reasonable cause to believe that Michael had broken into the pound and released his sister's dog, which conduct constituted the offense of malicious mischief. (See Pen. Code, §§ 594, 602, subdivision (h), and 622.)

The facts at hand do not justify the conclusion that the defendant had reasonable cause to believe that Michael was the person who had torn open the pound door, and allowed his sister's dog to escape. The mere fact that the boy denied knowing who had done so was not cause for believing that he had been the culprit. The act of taking him into custody, causing him to be placed in the police car, and driving him to the police station was a restraint upon his liberty. The defendant testified that at this time he placed the boy under arrest. The fact that Michael ran to his home after getting out of the police car, even when considered in connection with his former denial, was not cause for believing that he had committed any offense. He testified that he ran because he was frightened. The contention that the defendant had reasonable cause to believe the minor had violated the law is without merit. (*Willson* v. *Superior Court*, 46 Cal.2d 291, 295 [294 P.2d 36]; *People* v. *Gale*, 46 Cal.2d 253, 256-257 [294 P.2d 13]; *Gascon* v. *Superior Court*, 169 Cal.App.2d 356, 357 [337 P.2d 201]; *People* v. *Harvey*, 142 Cal.App.2d 728, 731 [299 P.2d 310]; *In re Contreras*, 109 Cal.App.2d 787, 788-790 [241 P.2d 631].)

■ The defendant also contends that there is no probable cause for believing that the false imprisonment of which he was charged was effected through violence, menace, fraud or deceit. This contention also is without merit; ignores the testimony that, in the course of placing the boy in a jail cell, the defendant broke into his house, grabbed him, choked him, and dragged him across the street; and disregards the right of the jury to accept that testimony and to conclude therefrom that the ensuing imprisonment was effected by violence.

■ The defendant requests that the appeal herein be dismissed because the People were 15 days late in filing their

opening brief. This request was made in his reply brief, and not by way of a motion to dismiss. In any event, the matter is one within the discretion of the appellate court; dismissal under these circumstances is not a matter of right; no material detriment to the defendant has resulted; and this court believes that the appeal should be decided on its merits. (See Cal. Rules of Court, rules 17, 30 and 45\*; *In re Martin*, 58 Cal.2d 133, 138, 139 [23 Cal.Rptr. 167, 273 P.2d 103]; *Peak* v. *Nicholson*, 61 Cal.App.2d 355, 358 [143 P.2d 78].) Upon request, permission to file the opening brief had been extended 30 days, but it was not filed until 15 days there- ██ The defendant contends that the failure to file the same within this extended time has deprived him of a speedy trial; violated his constitutional rights; and requires affirmance of the order of dismissal. Any delay in the trial resulting from the instant appeal was caused by the defendant's motion for dismissal pursuant to section 995 of the Penal Code. The right of the People to appeal from an order granting such a motion is an incident to the proceedings thus undertaken. (Pen. Code, § 237.) By his action in the premises the defendant impliedly consented to the delays reasonably incurred in the exercise of that right. The constitutional guaranty of a speedy trial may be waived, and the defendant's consent as aforesaid constitutes an effective waiver. (*People* v. *Contrerai*, 172 Cal.App.2d 369, 371 [341 P.2d 849]; *People* v. *Hocking*, 140 Cal.App.2d 778, 780 [296 P.2d 59].) The late filing of the People's opening brief did not cause an unreasonable delay. Any contention to the contrary is without merit.

"In a criminal action the sovereign has the same right to have the truth of its accusation against the defendant determined by a trial court to the same extent and in the same degree as has the accused." (*People* v. *Wisecarver*, 67 Cal. App.2d 203, 209 [153 P.2d 778].) The order setting aside the instant indictment erroneously deprives the People of this right.

The order appealed from is reversed with instructions to the trial court to deny the motion to dismiss the indictment and to proceed in the manner prescribed by law.

Griffin, P. J., and Brown (Gerald), J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied November 20, 1963.

---

\*Formerly Rules on Appeal, rules 17, 30 and 45.