[Crim. No. 6391. First Dist., Div. Two. Mar. 21, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. DONALD FREDERICK SACKETT, Defendant and Appellant.

Gerald Canaday, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and Robert R. Granucci, Deputy Attorney General, for Plaintiff and Respondent.

AGEE, J.—Defendant appeals following jury conviction of a violation of Penal Code, section 12021. (Possession of firearm by a felon.)

The preliminary examination in this matter was held on March 18, 1964 and, at the conclusion thereof, defendant was held to answer. Defendant thereafter moved the superior court to set aside the information under the provisions of Penal Code, section 995. This motion was granted by order of court made on April 24, 1964.

The People appealed from said order and, on February 9, 1965, it was reversed by the Court of Appeal. (1 Crim. No. 4650.) The opinion (unpublished) was written by Presiding Justice Draper. The sole issue was whether the gun found on defendant's person was the product of an illegal search. The opinion concluded: "There is no basis for the claim of illegal search or seizure."

The sole issue on the instant appeal is the same as that decided on the former appeal. The evidence introduced at the trial is substantially the same as that introduced at the preliminary hearing except that the trial evidence is much more detailed and all three police officers testified, whereas

only the first officer at the scene (Peterson) testified at the preliminary hearing. No evidence at all was introduced at the trial by the defendant.

The facts as stated by Presiding Justice Draper on the prior appeal, are as follows: "At about midnight, a policeman [Peterson] was driving through a predominantly commercial area. He noticed a parked automobile occupied by three men. It was near premises in which the officer had previously investigated two burglaries. He drove around the block, and saw the driver [defendant] leave the car and go around the side of a building, in the general direction of an area the officer knew to open upon shops and offices. The man later returned to the parked car, entered it, and started the motor. The officer then stopped his car and walked to the parked automobile. He saw no registration slip, and inquired as to ownership. Sackett [defendant] produced a 'temporary cashier's receipt for registration' which, however, did not bear the registered owner's name. Sackett and one of his companions produced identification documents, and the officer, by radio, gave these names to headquarters. He was told that Sackett was on parole on a federal armed robbery conviction and was warned to use extreme caution. Other officers [Terry and Ericksen] arrived. The first patrolman [Peterson] shone his flashlight on the front windshield of the parked car, seeking to find the temporary registration slip required to be displayed thereon. At this time, he saw the butt of a revolver protruding from under the front seat. Sackett alighted from the car at the officer's request, and as he did so another revolver [fully loaded .38 caliber Smith & Wesson] fell to the street from his pants. He was then arrested."

In *People* v. *Harvey* (1956) 142 Cal.App.2d 728 [299 P.2d 310], defendant's conviction of possession of marijuana was reversed on the ground that the marijuana was the product of an illegal search. On retrial defendant was again convicted and again the conviction was reversed on appeal under the doctrine of "law of the case." (*People* v. *Harvey,* 156 Cal. App.2d 516 [319 P.2d 689].)

The court stated, at pages 518-522: "The issue on this appeal, as on the prior one, is the legality of the arrest and search and seizure. The first question is whether the doctrine of the law of the case is applicable here. It is well established that the doctrine applies to criminal cases as well as civil [citations] and to questions involving the admissibility of evidence. [Citation.] The rule is applicable where the facts are

substantially identical and appear under the same circumstances. [Citations.] To determine its applicability we have examined the record submitted on the prior appeal. [Citations.] After an analysis of that record, we have concluded that the facts here are substantially the same as those of *People* v. *Harvey*, 142 Cal.App.2d 728 [299 P.2d 310]. . . . Therefore, we can only reiterate our former conclusion. . . .''

In the instant case we have followed the *Harvey* procedure. That is, we have examined the record on the prior appeal, of which we take judicial notice (*Hammell* v. *Britton*, 19 Cal.2d 72, 75 [119 P.2d 333]), and after analyzing it we find that the facts testified to here are substantially the same as those testified to on the preliminary hearing. (As stated above, defendant introduced no evidence.)

Our own analysis of the facts and the law, independent of the ''law of the case'' doctrine, has led us to the same legal conclusion as that reached on the prior appeal. We therefore adopt the following legal reasoning set forth therein.

■ ''But there is nothing unreasonable in an officer's questioning persons outdoors at night (*People* v. *Blodgett*, 46 Cal.2d 114, 117 [293 P.2d 57]) when, as in this case, the officer knows of previous felonies in the neighborhood (*Gisske* v. *Sanders*, 9 Cal.App. 13, 15 [98 P. 43]; cf. *People* v. *Simon*, 45 Cal.2d 645, 650 [290 P.2d 531]), and other circumstances indicate that such a course is necessary to discharge his duties (*People* v. *Ellsworth*, 190 Cal.App.2d 844, 846 [12 Cal.Rptr. 433]). . . .

''In the course of this permissible interrogation, the officer turned his flashlight upon the car's windshield to search for the required registration tab, and saw a gun under the seat. This was not a search (*People* v. *Linden*, 185 Cal.App.2d 752, 757 [8 Cal.Rptr. 640]).[1] ■ His observation, plus his information that respondent [defendant] was a parolee, dis-

[1]Other cases involving view from *outside* the car of contraband in the car: *People* v. *Mosco*, 214 Cal.App.2d 581, 585 [29 Cal.Rptr. 644]; *People* v. *McLaine*, 204 Cal.App.2d 96, 101-102 [22 Cal.Rptr. 7°]; *People* v. *Beverly*, 200 Cal.App.2d 119, 125 [19 Cal.Rptr. 67]; *People* v. *Murphy*, 173 Cal.App.2d 367, 377 [343 P.2d 273]; *People* v. *Wright*, 153 Cal. App.2d 35, 39 [313 P.2d 868]. As stated in *People* v. *Murphy*, *supra*, at page 377: ''In the course of checking the registration of the automobile the officer, from outside the car, saw the automatic pistol on the floor. This warranted investigation and the officer properly took possession of this gun. There was no search so far as this gun was concerned, for to see that which is in plain sight is not a search. [Citations.] Upon finding a loaded pistol in the car, it was reasonable for the officers to conduct a further investigation.''

closed conduct sufficiently unusual to justify the order to respondent to get out of the car for questioning (*People* v. *Blodgett, supra,* 46 Cal.2d 114, 117). Respondent. in alighting, dropped the gun concealed on his person. There is no basis for the claim of illegal search or seizure.''

In his closing brief, defendant raises a new contention, that defendant ''was not adequately represented'' on the prior appeal because no brief was filed therein on his behalf. However, no contention is made that the facts as set out by Presiding Justice Draper in his opinion are not accurately stated or not supported by the evidence. Defendant has failed to make any showing of prejudice with respect to this belatedly made point. We find no merit in it.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 15, 1968.