[Civ. No. 38126. Second Dist., Div. Four. June 10, 1971.]

RICHARD LEON STERN, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Leonard P. Baum for Petitioner.

No appearance for Respondent.

Joseph P. Busch, Jr., District Attorney, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**JEFFERSON, J.**—Petitioner seeks a writ of prohibition to bar criminal proceedings against him in the Superior Court of Los Angeles County.

By information, petitioner was charged with possession of marijuana for sale in violation of Health and Safety Code section 11530.5. Petitioner moved to dismiss the information under Penal Code section 995. The court denied the motion.

From the evidence received at the preliminary hearing the following facts appear:

On June 24, 1970, at approximately 10:45 p.m. Officer Charles Wilson and his partner, wearing sport clothes and driving in an unmarked vehicle, were on patrol duty in Sherman Oaks. When they were approximately 30 to 40 yards away they observed a parked vehicle adjacent to the roadway and Officer Wilson saw three males (one of whom was petitioner) standing near the rear of the parked car. As the officer approached the vehicle the young men started to leave. The officer stopped the police vehicle; he and his fellow officer alighted, and announced that they were police officers, and with guns in hand they walked up to the three persons, directed them to turn toward the parked car, and made a cursory search of their persons for weapons. The officer testified that in the pat-down he did not feel any weapons. He testified that, as to one of these three (not the petitioner), he could "observe . . . numerous half dollars, the silver variety, which aren't in circulation any more." He said he also could see "an extremely large amount of currency in his left front pants pocket which bulged considerably being folded once."

Officer Wilson then left his partner to stand guard on the three individuals and went to the residence nearest the place where the vehicle was parked, which was in front of a vacant lot. He knocked on the door and, receiving no response, he jumped a 6-foot fence and went to the back entrance. He observed what appeared to be a torn screen on one of the kitchen windows, but he found the window secure. He returned to the vehicle and advised the young men in custody, including the petitioner herein, that they were under arrest for burglary. Several minutes after the arrest, Officer Wilson advised them of their constitutional rights.

Officer Wilson testified that after the arrest he observed an aroma of marijuana and also noticed that the three arrestees exhibited bloodshot eyes. He inquired who was the owner of the vehicle and petitioner indicated that the car was owned by his parents. The officer asked petitioner if he could search the vehicle and petitioner said that he could. Officer Wilson took the keys from petitioner and searched the trunk of the vehicle. The officer found a bag of marijuana in the trunk compartment of the automobile. Petitioner and his two companions were then transported to the Van Nuys station and booked for violation of the Health and Safety Code section 11530.5. The burglary charge was dropped.

There was no probable cause to arrest petitioner for any offense. "Although circumstances short of probable cause to make an arrest may still justify an officer in stopping a pedestrian on the streets for questioning, a police officer may not detain and question a person when there are no circumstances which would indicate to a reasonable man in a like position that such a course was necessary to the proper discharge of the officer's duties. [Citation.]" (*People* v. *Moore,* 69 Cal.2d 674, 682-683 [72 Cal.Rptr. 300, 446 P.2d 800].) There were in the facts heretofore related no suspicious circumstances sufficient to justify the officers in the first place to stop, pat down the young men and later to search the vehicle. "Neither good faith of the officers nor an inarticulated hunch will suffice to justify the intrusion (*Terry* v. *Ohio,* . . . 392 U.S. 1, 22 [20 L.Ed.2d 899, 906, 88 S.Ct. 1868]). Here there was even less." (*Willett* v. *Superior Court,* 2 Cal.App.3d 555, 559 [83 Cal.Rptr. 22].)

The officer's mere hunch will not validate his conduct, even though in good faith. " 'There must be a "rational" suspicion by the peace officer that some activity out of the ordinary is or has taken place . . . some indication to connect the person under suspicion with the unusual activity . . . [and] some suggestion that the activity is related to crime.' [Citation.] Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is

unlawful. [Citations.]" *(Irwin* v. *Superior Court,* 1 Cal.3d 423, 427 [82 Cal.Rptr. 484, 462 P.2d 12].)

 Moreover, the fact that an arrest is made does not justify an exploratory search for evidence of other crimes. *(People* v. *Roberts,* 47 Cal.2d 374, 378 [303 P.2d 721].) The search in the present case was made incident to an illegal arrest and was patently invalid and improper.

Officer Wilson testified that petitioner consented to the search of the vehicle where the marijuana was found. The petitioner was under arrest at the time and he had been held at gunpoint for some time while an adjacent home was vainly searched for clues of a nonexistent burglary. Consent secured at gunpoint following an illegal arrest cannot be relied upon to render the evidence obtained by a search and seizure pursuant thereto admissible. *(People* v. *Haven,* 59 Cal.2d 713, 718-719 [31 Cal.Rptr. 47, 381 P.2d 927].)

The alternative writ of prohibition heretofore issued is discharged. Let the peremptory writ issue prohibiting the respondent superior court from taking any further proceedings except to dismiss the information.

Files, P. J., and Dunn, J., concurred.