[Crim. No. 14222. First Dist., Div. One. Oct. 8, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
PEDRO OBREGON RIOS, Defendant and Appellant.

COUNSEL

Michael E. Adams for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, and Derald E. Granberg, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

**ELKINGTON, J.**—This appeal by defendant Rios followed his jury waiver, a finding of his guilt of violating Penal Code section 12025 and an order granting him probation.

The only issue presented at the trial was the validity of a police search which disclosed his possession of a revolver in an automobile. The facts are not in substantial dispute.

Two officers were patrolling their beat in a high-crime area in a marked police car. Their vehicle made a routine right turn at an intersection, and as it did so, the vehicle's headlights flashed across an automobile which was legally parked at a curb. In the light, the officers observed the other car's two occupants "duck down" out of sight. The intersection was sufficiently lighted to enable one in the vicinity to see the police car's official markings. From the two men's conduct the officers entertained a suspicion that a robbery or burglary might be impending. When the officers centered their spotlight on the other vehicle, the two men in it returned to a normal sitting position. The police car was then stopped and the officers walked to the other car for the purpose of questioning its occupants and examining their identification.

The automobile was occupied by defendant Rios and another. As the officers approached, Rios got out from his side of the car without being asked, and upon request of one of the officers his driver's license was produced. Questioning by the officer led to Rios' statements that he was waiting to go to the nearby "Tropicana Lounge," and that he preferred to park where he was instead of a nearby shopping center parking lot. Rios was generally cooperative, and the officer did not recall whether he was subjected to a pat search.

Meanwhile the other officer walked to the front passenger side of the car where the second man had been sitting. As he did so, he directed his lighted flashlight toward the vehicle's interior, for the purpose of a protective search for weapons; the flashlight did not protrude into the car. On the unoccupied driver's side of the front seat he noticed "the butt of what appeared to be a handgun protruding from under the front left seat of the vehicle"; he could "see the butt of the gun and a portion of the hammer." The weapon was seized and the car's two occupants were arrested. Rios, having previously been three times convicted of felonies, was later charged with the Penal Code section 12025 violation.

■ Rios first contends that the police were not justified in detaining him and his companion. We find the contention to be invalid.

■ The applicable rule was recently stated in *People* v. *Flores,* 12 Cal.3d 85, 91 [115 Cal.Rptr. 225, 524 P.2d 353], as follows: "A police officer may stop and question persons on public streets, including those in vehicles, when the circumstances indicate to a reasonable man in a like position that such a course of action is called for in the proper discharge of the officer's duties. (*People* v. *One 1960 Cadillac Coupe* (1964) 62 Cal.2d 92, 95-96 [41 Cal.Rptr. 290, 396 P.2d 706]; *People* v. *Martinez* (1970) 6 Cal.App.3d 373, 376 [86 Cal.Rptr. 49].) ■ The good faith suspicion which warrants an officer's detention of a person for investigative reasons is necessarily of a lesser standard than that required to effect an arrest. (*People* v. *Mosco* (1963) 214 Cal.App.2d 581, 584-585 [29 Cal.Rptr. 644].) Where there is a rational belief of criminal activity with which the suspect is connected, a detention for reasonable investigative procedures infringes no constitutional restraint. (See *People* v. *Henze* (1967) 253 Cal.App.2d 986, 988 [61 Cal.Rptr. 545].)"

■ *People* v. *Flores'* rule of rational "good faith *suspicion*" (italics added) of criminal activity justifying police detention, must reasonably be deemed to modify or interpret the earlier stated rule of *Irwin* v. *Superior Court,* 1 Cal.3d 423, 427 [82 Cal.Rptr. 484, 462 P.2d 12], heavily relied upon by Rios. That case states, in order that such a detention be justified, that the facts apparent to the police officer must preponderantly indicate criminal activity. (Cf. *People* v. *Superior Court (Acosta),* 20 Cal.App.3d 1085, 1088-1091 [98 Cal.Rptr. 161].)

■ We opine that the circumstances apparent to the police officers of the case before us were obviously sufficient to cause a "good faith suspicion" of criminal activity, as was found by the superior court. The questioned detention was proper.

■ Rios' remaining contention is that the revolver was discovered through an unreasonable search.

This contention is also without merit. The appearance of contraband, such as the gun here in question, in plain view inside of a vehicle, is not a search in the constitutional sense, and the object may properly be seized. (*People* v. *Superior Court (Kiefer)*, 3 Cal.3d 807, 816-817 [91 Cal.Rptr. 729, 478 P.2d 449, 45 A.L.R.3d 559]; *People* v. *Block*, 6 Cal.3d 239, 243 [103 Cal.Rptr. 281, 499 P.2d 961].) And there was no constitutional impropriety in the use of a flashlight in observing the car's interior. "Looking through the window of an automobile is not unlawful. Observation of that which is in view is lawful, whether the illumination is daylight, moonlight, lights within the vehicle, lights from street lamps, neon signs or lamps, or the flash of lights from adjacent vehicles . . . *that the light comes from a flashlight in an officer's hand makes no difference.*" (*People* v. *Superior Court (Mata)*, 3 Cal.App.3d 636, 639 [84 Cal.Rptr. 81], italics added; and see the authority there collected.)

The order granting probation is affirmed.

Molinari, P. J., and Lazarus, J.,* concurred.

A petition for a rehearing was denied November 6, 1975.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.