67 Cal.App.3d 962 (1977)
134 Cal. Rptr. 322
THE PEOPLE, Plaintiff and Respondent,
v.
JAVIER MORENO, Defendant and Appellant.
Docket No. 16289.
Court of Appeals of California, First District, Division One.
March 10, 1977.
*964 COUNSEL
James C. Hooley, Public Defender, and Anne M. Harris, Assistant Public Defender, for Defendant and Appellant.
Evelle J. Younger, Attorney General, Sanford Svetcov, Deputy Attorney General, D. Lowell Jensen, District Attorney, T.W. Condit and William A. McKinstry, Deputy District Attorneys, for Plaintiff and Respondent.
OPINION
ELKINGTON, J.
A police officer, during the course of an investigative detention of defendant Moreno and his automobile, observed in plain sight a "billy," the possession of which is proscribed by Penal Code section 12020. The weapon was seized and Moreno was arrested. In the municipal court, where he was charged as a misdemeanant, he unsuccessfully moved under Penal Code section 1538.5 to suppress the use of the weapon as evidence. He, as permitted by Penal Code section 1538.5, subdivision (j), appealed from the order denying his motion to the appellate department of the superior court.
The issue raised on the appeal was the constitutional propriety of the police officer's detention of Moreno. The lower reviewing court thereafter, under rule 63, California Rules of Court, made the following certification:
*965 "The Appellate Department of the Superior Court of the State of California for the County of Alameda, hereby grants the People's application and certifies that transfer of this case to the Court of Appeal of the State of California for the First Appellate District is necessary to secure uniformity of decision regarding the continuing vitality of the standard found in Irwin v. Superior Court, 1 Cal.3d 423 at 427: `Where the events are as consistent with innocent activity as with criminal activity, a detention based on these events is unlawful.' Cf. People v. Superior Court (Acosta) 20 Cal. App.3d 1085, 1091 (1971); People v. Higbee, 37 Cal. App.3d 944, 950 (1974); People v. Rios, 51 Cal. App.3d 1008, 1011 (1975) and People v. Larkin, 52 Cal. App.3d 346, 349 (1975), with People v. Lathan, 38 Cal. App.3d 911, 914 (1974) and People v. Wheeler, 43 Cal. App.3d 898, 902-903 (1974)."
We ordered the appeal transferred to this court.
Irwin v. Superior Court (1969) 1 Cal.3d 423 [82 Cal. Rptr. 484, 462 P.2d 12], dealt with the constitutional limitations on the right of a police officer to temporarily detain a person for the purpose of questioning, or other criminal investigation. The court applied the widely known applicable rule, as follows: "[A] detention based on a `mere hunch' is unlawful ... even though the officer may have acted in good faith.... There must be a `rational' suspicion by the peace officer that some activity out of the ordinary is or has taken place ... some indication to connect the person under suspicion with the unusual activity.... [and] some suggestion that the activity is related to crime." (1 Cal.3d, p. 427.)[1]
*966 But the court then used the language here presented for our consideration: "Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful." (1 Cal.3d, p. 427.)[2]
At this point we briefly consider the constitutional requirements of probable cause for the warrantless arrest of a person suspected of criminal activity. (1) Such probable cause exists when the facts apparent to the officer "`would lead a man of ordinary care and prudence to believe and conscientiously entertain an honest and strong suspicion that the person is guilty of a crime.'" (People v. Harris, supra, 15 Cal.3d 384, 389; People v. Terry (1970) 2 Cal.3d 362, 393 [85 Cal. Rptr. 409, 466 P.2d 961] [cert. dism., 406 U.S. 912 (32 L.Ed.2d 112, 92 S.Ct. 1619)]; People v. Ingle (1960) 53 Cal.2d 407, 412 [2 Cal. Rptr. 14, 348 P.2d 577] [cert. den., 364 U.S. 841 (5 L.Ed.2d 65, 81 S.Ct. 79)].) And probable cause for a warrantless arrest "has also been defined as having more evidence for than against;..." (People v. Ingle, supra, p. 413; People v. Moore (1975) 51 Cal. App.3d 610, 616 [124 Cal. Rptr. 290] [hg. by Supreme Ct. den.; cert. den., 425 U.S. 977 (48 L.Ed.2d 801, 96 S.Ct. 2179)]; Wilson v. County of Los Angeles (1971) 21 Cal. App.3d 308, 316 [98 Cal. Rptr. 525]; People v. Superior Court (Thomas) (1970) 9 Cal. App.3d 203, 208 [88 Cal. Rptr. 21].)
Analysis of Irwin v. Superior Court's two concepts reveals opposing principles. The first permits otherwise reasonable investigative detention, upon a rational suspicion of criminal activity, while the second demands *967 as a requisite for a police officer's detention that there be a preponderant appearance of criminal activity.
It will be seen that the additional requirement of Irwin v. Superior Court authorizes temporary police investigative detention of a person only under circumstances that would create probable cause for the person's arrest. For by any test of law or logic, if the facts apparent to the policeman amount to a preponderant appearance of criminal activity, then surely probable cause for arrest must exist. Indeed, People v. Ingle's above-quoted definition of probable cause for an arrest, i.e., "having more evidence for than against" (53 Cal.2d, p. 413) is a strikingly accurate paraphrasing of Irwin v. Superior Court's added investigative detention requirement of "preponderant appearance of criminal activity."
(2) Yet it is a truism of our criminal law practice "that circumstances short of probable cause to make an arrest may still justify an officer's stopping pedestrians or motorists on the streets for questioning." (People v. Mickelson, supra, 59 Cal.2d 448, 450.) And the justification "which warrants an officer's detention of a person for investigative reasons is necessarily of a lesser standard than that required to effect an arrest." (People v. Flores, supra, 12 Cal.3d 85, 91; and to the same effect see Terry v. Ohio, supra, 392 U.S. 1, 22 [20 L.Ed.2d 889, 906-907]; People v. Harris, supra, 15 Cal.3d 384, 389; People v. Junious, supra, 30 Cal. App.3d 432, 436; People v. Griffith (1971) 19 Cal. App.3d 948, 950 [97 Cal. Rptr. 367].)
We are of the opinion that Irwin v. Superior Court did not intend a drastic change in the law such as would deny a police officer's right to temporarily detain a person for investigation, unless he had information sufficient to authorize the person's arrest. Had such been the intent we may be sure that the court would in some manner have expressed its disapproval of what then, as it appears to us, was unanimous state and federal authority to the contrary.
Further, we opine that the "preponderant appearance of criminal activity" criterion of Irwin v. Superior Court is a dictum. The court had expressly concluded that the police officer's detention of that case rested upon a "mere hunch" without "rational suspicion" and was thus, under the prevailing rule, unlawful. The case's newly announced "preponderant appearance of criminal activity" test was not necessary to the decision. (3) The state's high court has consistently advised lower tribunals that its "Incidental statements or conclusions not necessary to *968 the decision are not to be regarded as authority" (Simmons v. Superior Court (1959) 52 Cal.2d 373, 378 [341 P.2d 13]), and that the "discussion or determination of a point not necessary to the disposition of a question that is decisive of the appeal is generally regarded as obiter dictum" (Stockton Theatres, Inc. v. Palermo (1956) 47 Cal.2d 469, 474 [304 P.2d 7]; see also Kastigar v. United States (1972) 406 U.S. 441, 454-455 [32 L.Ed.2d 212, 222-223, 92 S.Ct. 1653]; People v. Clark (1941) 18 Cal.2d 449, 461 [116 P.2d 56]; County of San Diego v. Hammond (1936) 6 Cal.2d 709, 724 [59 P.2d 478, 105 A.L.R. 1155]; Hills v. Superior Court (1929) 207 Cal. 666, 670 [279 P. 805, 65 A.L.R. 266]).
Moreover, we observe that the state's Supreme Court has several times recently restated the law applicable to investigative police detention. Without approval, or even mention, of Irwin v. Superior Court's added concept of "preponderant appearance of criminal activity," it has reiterated the long-accepted first rule of that case in this manner.
People v. Gale, supra, 9 Cal.3d 788, 797-798. "`While a detention of a citizen by a police officer based on a "mere hunch" is unlawful, if there is a rational suspicion that some activity out of the ordinary is taking place, and some suggestion that the activity is related to crime, a detention is permissible.'"
People v. Flores, supra, 12 Cal.3d 85, 91. "Where there is a rational belief of criminal activity with which the suspect is connected, a detention for reasonable investigative procedures infringes no constitutional restraint."
People v. Harris, supra, 15 Cal.3d 384, 388-389. "`[A] police officer may stop and question persons on public streets ... when the circumstances indicate to a reasonable man in a like position that such a course of action is called for in the proper discharge of the officer's duties.... The good faith suspicion which warrants an officer's detention of a person for investigative reasons is necessarily of a lesser standard than that required to effect an arrest.... Where there is a rational belief of criminal activity with which the suspect is connected, a detention for reasonable investigative procedures infringes no constitutional restraint....' ...[¶] The foregoing standard for detention is of lesser degree than that applicable to an arrest. ... [The court then found that the detention of that case had met] the requisite but lesser detention standards of `good faith suspicion,' and `rational belief of criminal activity' expressed by us in Flores [12 Cal.3d, p. 91]."
*969 The latter language of People v. Harris is significant. We deem the high court's reiteration of "the requisite but lesser standards [for investigative police detention] of `good faith suspicion,' and `rational belief of criminal activity,'" unqualified by Irwin v. Superior Court's inconsistent earlier dictum of "preponderant appearance of criminal activity," to be the law of this state.
(4) "It is an established rule of law that a later decision overrules prior decisions which conflict with it, whether such prior decisions are mentioned and commented upon or not." (In re Lane (1962) 58 Cal.2d 99, 105 [22 Cal. Rptr. 857, 372 P.2d 897]; People v. Escarcega (1974) 43 Cal. App.3d 391, 400 [117 Cal. Rptr. 595]; and see 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 692(2), p. 4609, and the authority there collected.)
We observe also that decisions of the state's Court of Appeal have several times expressly held that Irwin v. Superior Court's test of preponderant appearance of criminal activity, as justification for temporary police investigative detention, is not the law of this state. (See People v. Knutson, supra, 60 Cal. App.3d 856, 862; People v. Larkin, supra, 52 Cal. App.3d 346, 349; People v. Rios, supra, 51 Cal. App.3d 1008, 1011; People v. Higbee, supra, 37 Cal. App.3d 944, 950; People v. Superior Court (Acosta), supra, 20 Cal. App.3d 1085, 1088-1091.)
(5) Answering the question posed by the appellate department of the superior court, we hold that the language of Irwin v. Superior Court  "Where the events are as consistent with innocent activity as with criminal activity, a detention based on those events is unlawful"  has no "continuing vitality."
(6) We consider now the "engrossed statement" of the facts on the instant appeal.
"Officer Olson, while on a routine patrol in a marked police car in Newark on Sunday, January 11, 1976, at about 7:05 PM, observed defendant's vehicle, a 1964 Chevrolet Station Wagon, traveling northbound on Willow Street at the intersection of Enterprise Drive. One and one half blocks south on Willow Street the city street ends. Beyond is a privately maintained dirt road which leads to the Newark Sportman's Club about one mile away. Surrounding the Sportman's Club are undeveloped salt flats owned by the Leslie Salt Company. The area of Enterprise Drive and Willow is commercial with no retail businesses. On *970 January 11, 1976, at 7:00 PM none of the businesses were open. Officer Olson has patrolled this part of Newark for four and one half years and is familiar with the prevalent criminal activity, which is theft and burglary.
"On January 11, 1976, Officer Olson was aware of one theft at a nearby business within the preceding year, as well as five separate instances of burglary at the Sportsman's Club within the preceding year.
"Officer Olson testified that the only moving or inhabited vehicle he observed in the area was the one defendant was driving. Defendant was the only occupant of the vehicle. Officer Olson testified he intended to stop the defendant because it was unusual for a moving car to be in that area at that time of night. Because of the burglaries in the area, Officer Olson wanted to find out why defendant was there. Upon pulling in behind defendant's vehicle, Officer Olson observed that defendant's vehicle had no outside rear-view mirror. After stopping defendant's vehicle, the defendant voluntarily exited and walked back toward Officer Olson's location. Officer Olson immediately requested defendant's drivers license and vehicle registration at this time and returned to his car in order to obtain the vehicle registration.
"Officer Olson accompanied defendant and when the defendant opened the driver's door Officer Olson observed a two foot long wooden billy club in plain view on the floorboard in front of the drivers seat. Officer Olson retrieved the billy club and arrested defendant for section 12020 of the Penal Code of California.
"At the conclusion of the hearing the [Municipal] Court made a finding that a car being in that particular area on a dead-end street having past burglaries and no open businesses was such a suspicious circumstance as justified the police officer in investigating."
We opine, as apparently did the municipal court, that the facts apparent to the officer did not meet Irwin v. Superior Court's test (1 Cal.3d, p. 427) of "preponderant appearance of criminal activity," but that they nevertheless engendered a "`rational belief [or suspicion] of criminal activity'" according to People v. Harris, supra, 15 Cal.3d 384, 389, People v. Flores, supra, 12 Cal.3d 85, 91, and People v. Gale, supra, 9 Cal.3d 788, 797-798. For the reasons we have pointed out, Moreno's *971 detention was without constitutional fault, and his motion to suppress evidence, which depended upon the invalidity of that detention, was properly denied.
The order of the municipal court is affirmed.
Molinari, P.J., and Sims, J., concurred.
A petition for a rehearing was denied April 1, 1977, and appellant's petition for a hearing by the Supreme Court was denied May 5, 1977. Bird, C.J., and Mosk, J., were of the opinion that the petition should be granted.
NOTES
[1] This "rational suspicion of criminal activity" test has been announced and applied in a long line of antecedent, and subsequent, state and federal authority. (See Terry v. Ohio (1968) 392 U.S. 1, 21-22 [20 L.Ed.2d 889, 905-907, 88 S.Ct. 1868]; People v. Harris (1975) 15 Cal.3d 384, 389 [124 Cal. Rptr. 536, 540 P.2d 632] [cert. den., 425 U.S. 934 (48 L.Ed.2d 175, 96 S.Ct. 1664)]; People v. Flores (1974) 12 Cal.3d 85, 91 [115 Cal. Rptr. 225, 524 P.2d 353]; People v. Gale (1973) 9 Cal.3d 788, 797-798 [108 Cal. Rptr. 852, 511 P.2d 1204]; People v. One 1960 Cadillac Coupe (1964) 62 Cal.2d 92, 95-96 [41 Cal. Rptr. 290, 396 P.2d 706]; People v. Mickelson (1963) 59 Cal.2d 448, 450-451 [30 Cal. Rptr. 18, 380 P.2d 658]; People v. Knutson (1976) 60 Cal. App.3d 856, 861-862 [131 Cal. Rptr. 846] [hg. by Supreme Ct. den.]; People v. Larkin (1975) 52 Cal. App.3d 346, 349 [125 Cal. Rptr. 137]; People v. Rios (1975) 51 Cal. App.3d 1008, 1011 [124 Cal. Rptr. 737]; People v. Wheeler (1974) 43 Cal. App.3d 898, 902-903 [118 Cal. Rptr. 205]; People v. Higbee (1974) 37 Cal. App.3d 944, 949-950 [112 Cal. Rptr. 690] [hg. by Supreme Ct. den.]; People v. Juarez (1973) 35 Cal. App.3d 631, 635 [110 Cal. Rptr. 865]; People v. Junious (1973) 30 Cal. App.3d 432, 436 [106 Cal. Rptr. 344]; People v. Superior Court (Murray) (1973) 30 Cal. App.3d 257, 261-262 [106 Cal. Rptr. 211]; People v. Orr (1972) 26 Cal. App.3d 849, 858 [103 Cal. Rptr. 266]; People v. Gravatt (1971) 22 Cal. App.3d 133, 136-137 [99 Cal. Rptr. 287]; People v. Superior Court (Acosta) (1971) 20 Cal. App.3d 1085, 1088-1091 [98 Cal. Rptr. 161]; People v. Henze (1967) 253 Cal. App.2d 986, 988-990 [61 Cal. Rptr. 545]; People v. Nailor (1966) 240 Cal. App.2d 489, 492-493 [49 Cal. Rptr. 616] [hg. by Supreme Ct. den.; cert. den., 385 U.S. 1030 (17 L.Ed.2d 678, 87 S.Ct. 763)].)
[2] Insofar as we have been able to determine, this "preponderant appearance of criminal activity" criterion had its genesis in Irwin v. Superior Court. Although four cases, q.v., were cited as authority therefor, an examination of them discloses no support. The stated rule has several times been repeated, usually, as in Irwin v. Superior Court, in conjunction with the "rational suspicion of criminal activity" test. (See People v. Triggs (1973) 8 Cal.3d 884, 895 [106 Cal. Rptr. 408, 506 P.2d 232]; Remers v. Superior Court (1970) 2 Cal.3d 659, 664 [87 Cal. Rptr. 202, 470 P.2d 11]; People v. Robinson (1974) 41 Cal. App.3d 658, 672-673 [116 Cal. Rptr. 455]; People v. Lathan (1974) 38 Cal. App.3d 911, 913-914 [113 Cal. Rptr. 648]; Barber v. Superior Court (1973) 30 Cal. App.3d 326, 329 [106 Cal. Rptr. 304]; Stern v. Superior Court (1971) 18 Cal. App.3d 26, 29-30 [95 Cal. Rptr. 541]; Flores v. Superior Court (1971) 17 Cal. App.3d 219, 222 [94 Cal. Rptr. 496]; Pendergraft v. Superior Court (1971) 15 Cal. App.3d 237, 241 [93 Cal. Rptr. 155]; People v. Garcia (1970) 7 Cal. App.3d 314, 318-319 [86 Cal. Rptr. 628] [hg. by Supreme Ct. den.; cert. den., 401 U.S. 914 (27 L.Ed.2d 814, 91 S.Ct. 888)]; People v. McLean (1970) 6 Cal. App.3d 300, 304-305 [85 Cal. Rptr. 683].) It is notable that People v. Triggs, supra, and Remers v. Superior Court, supra, quoted Irwin v. Superior Court's "preponderant appearance of criminal activity" test in the context, not of detention, but of probable cause for an arrest and search.